**The STATE of Ohio, Appellant,**

v.

**BROWN, Appellee.**

[Cite as *State v. Brown* (1998), 131 Ohio App.3d 387.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 97CA2390.

Decided Nov. 23, 1998.

388

*James T. Bougler,* for appellee.

*Scott W. Nusbaum,* Ross County Prosecuting Attorney, and *Jennifer L. Ater,* Assistant Prosecuting Attorney, for appellant.

PETER B. ABELE, Judge.

This is an appeal from a Ross County Common Pleas Court judgment dismissing the indictment against Tally Brown, defendant below and appellee herein. The trial court found that R.C. 2941.401 barred the state, plaintiff below and appellant herein, from prosecuting appellee for the indicted offense.

Appellant raises the following sole assignment of error for our review:

"The trial court erred in sustaining appellee's motion to dismiss."

Our review of the record reveals the following facts pertinent to the instant appeal. On December 16, 1994, the Ross County Grand Jury returned an indictment against appellee, charging appellee with one count of trafficking in drugs in violation of R.C. 2925.03(A)(1). Appellee was not arrested on the December 16, 1994 indictment until May 1997.

On July 29, 1997, appellee filed a motion to dismiss the indictment. In support of his motion, appellee asserted that the state had violated the R.C. 2941.401 speedy trial provisions.

On August 7, 1997 and continuing on September 23, 1997, the trial court held a hearing regarding appellee's motion to dismiss. At the hearing, the trial court took judicial notice of the following facts: (1) a request for a warrant was filed with the December 16, 1994 indictment, (2) the request was directed to Chillicothe Police Detective James E. Lowe for service, (3) the Ross County Sheriff's Office received the indictment and the warrant on December 16, 1994, and (4) on June 1, 1997, the warrant and the indictment were served on appellee.

At the motion to dismiss hearing, appellee testified that he was incarcerated on December 16, 1994. Appellee stated that during the period of time he was incarcerated, he did not know of the pending indictment. Appellee testified that he first became aware of the pending charges in late May 1997, when Officer Larry Cox arrested appellee.

Detective Lowe testified that he never attempted to serve the warrant on appellee. Detective Lowe further stated that he did not know of any efforts to serve the warrant on appellee. Detective Lowe testified that he did not know whether any attempts were made to notify any warden or any prison about the warrant for appellee's arrest.

On November 24, 1997, the trial court granted appellee's motion to dismiss. Based upon the testimony adduced at the hearing, the trial court found that appellee did not possess actual knowledge of the indictment.[1] The trial court

---

1. In its decision granting appellee's motion to dismiss, the trial court adopted the following facts as set forth in appellee's post-hearing brief:

further found that the state failed to exercise reasonable diligence in serving and notifying defendant of the indictment. The court stated: "[T]he application of O.R.C. 2941.401 was thwarted by the state's inaction. [Appellee] never had an opportunity to assert his speedy trial rights under O.R.C. section 2941.401."

On December 23, 1997, the state filed a timely notice of appeal.

■ In its sole assignment of error, the state asserts that the trial court erred by dismissing the indictment. The state contends that it exercised reasonable diligence in attempting to serve appellee with the indictment. The state further argues that R.C. 2941.401 does not apply to the facts of the case at bar.

Appellee maintains that the trial court properly determined that R.C. 2941.401 barred the state from prosecuting him for the pending charges. Appellee argues

"On December 16th of 1994 when the Ross County Grand Jury returned the indictment in the above-styled matter, the defendant was incarcerated and in the custody of the Ohio Department of Rehabilitations and Corrections. The defendant had been incarcerated continuously since the end of September of 1994 and was serving the balance of the sentence in Case No. 92 CR 203 in the Court of Common Pleas of Ross County, Ohio, subsequent to parole revocation.

"The defendant recalled that the grounds for his parole revocation in September of 1994 concerned the charge of assault which was the subject of a complaint filed in the Municipal Court of Chillicothe, Ohio on September 16th of 1994.

"The assault complaint which was the basis for the parole revocation was filed by Officer T. Cottrill of the City of Chillicothe Police Department.

"On December 1st of 1994, approximately two weeks before the return of the indictment, Assistant Law Director Robert C. Hess moved to dismiss the assault complaint in 94 CRB 02419. The express rationale for the dismissal as set forth in the Motion to Dismiss stated:

" 'This charge is dismissed at the request of the Assistant Law Director as defendant is presently incarcerated in a penal institution and unavailable for further proceedings in this matter.'

"After return of the indictment a warrant was issued upon it and delivered to then detective, James Lowe, of the City of Chillicothe Police Department for the reason that the indictment was a result of the activities of the Multi–County Drug Task Force of which Detective Lowe was a member. The Multi–County Drug Task Force assumed the responsibility for service of the warrants upon indictments based upon its investigations.

"Officer Lowe was unable to recall what efforts he made to execute the warrant in the weeks following the return of the indictment.

"The warrant upon the indictment was not delivered to the Sheriff's Department of Ross County and was not entered into that department's computer record of outstanding warrants.

"The defendant had no actual knowledge of the pendency of the indictment until the date of his arrest in May of 1997.

"After he was taken into custody on the date of his arrest, the defendant recalled that Officer Cox of the City of Chillicothe Police Department approached him with a narrow folder that had the words 'in prison' written on it or on a piece of paper which was affixed to the folder. Officer Cox withdrew a copy of the warrant and indictment from the envelope and served the defendant with same.

"No warden or superintendent of any institution in which the defendant was confined from September of 1994 through March of 1997 notified the defendant of the pendency of the indictment in the instant case nor did the defendant receive any notification of his right to demand prosecution under 2941.401 of the Ohio Revised Code."

that he had absolutely no knowledge of the pending charges until May 1997, when he was arrested. Appellee asserts that the trial court correctly found that the state failed to exercise reasonable diligence in serving appellee with the indictment.

Initially, we note that appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. See, *e.g.*, *State v. Kuhn* (June 10, 1998), Ross App. No. 97CA2307, unreported, 1998 WL 321535; *State v. Pilgrim* (Jan. 28, 1998), Pickaway App. Nos. 97CA2 and 97CA4, unreported, 1998 WL 37494. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. We independently review, however, whether the trial court properly applied the law to the facts of the case. See, *e.g.*, *Kuhn*; *Pilgrim*; *State v. Woltz* (Nov. 4, 1994), Ross App. No. 93CA1980, unreported, 1994 WL 655905. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. See *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (stating that courts must "strictly construe speedy trial statutes against the state"); *State v. Miller* (1996), 113 Ohio App.3d 606, 608, 681 N.E.2d 970, 971; *State v. Cloud* (1997), 122 Ohio App.3d 626, 702 N.E.2d 500 (noting that courts must strictly enforce the duties that the speedy trial provisions impose upon the state).

R.C. 2941.401 governs the time within which the state must bring an incarcerated defendant to trial. See *State v. Logan* (1991), 71 Ohio App.3d 292, 296, 593 N.E.2d 395, 398, motion for leave to appeal overruled (1991), 62 Ohio St.3d 1463, 580 N.E.2d 784 (stating that R.C. 2941.401 applies to criminal defendants who are imprisoned on other charges); *State v. Green* (June 10, 1998), Ross App. No. 97CA2308, unreported, 1998 WL 321579 (stating that "Ohio law is clear that whenever a criminal defendant is serving a term of imprisonment, R.C. 2941.401 must be applied to determine the defendant's speedy trial rights"); *State v. Fox* (Oct. 22, 1992), Cuyahoga App. No. 63100, unreported, 1992 WL 309353 (stating that "[i]f a defendant is incarcerated, R.C. 2941.401 governs the time within which the state must bring him or her to trial"). The statute provides:

"When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *.

"The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

"The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.

"* * *

"If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."

■ Thus, R.C. 2941.401 places an affirmative duty upon the warden or superintendent having custody over the prisoner to promptly inform the prisoner of the pending charge. Furthermore,

■ " 'Although section 2941.401 does not explicitly require the state to give notice of an indictment to an accused who is incarcerated on a different charge, the statute would have no meaning if the state could circumvent its requirements by not sending notice of an indictment to the warden of the institution where the accused is imprisoned.

" '* * * Thus, we hold that the state cannot avoid the requirements of §2941.401 by neglecting or refusing to send a copy of the indictment to the warden of the accused's institution of incarceration.' " *State v. Miller* (1996), 113 Ohio App.3d 606, 609, 681 N.E.2d 970, 972 (quoting *State v. Floyd* (Oct. 25, 1979), Cuyahoga App. No. 39929, unreported).

■ Thus, both the state and the person having custody over the prisoner must exercise reasonable diligence in notifying and informing the prisoner of the pending charges. *State v. Martin* (1984), 16 Ohio App.3d 172, 173, 16 OBR 182, 182–183, 475 N.E.2d 185, 187; see, also, *State v. Fitch* (1987), 37 Ohio App.3d 159, 524 N.E.2d 912, syllabus; *State v. Curry* (Sept. 30, 1997), Scioto App. No. 95CA2339, unreported, 1997 WL 600056 ("The statute places an affirmative duty upon the state to promptly advise the incarcerated defendant of his right to demand final disposition of the charge as well as the fact of the existence of the charge. Absent such advice, the state cannot rely upon the defendant's failure to demand final disposition, but must count the time as having commenced under R.C. 2941.401 upon the happening of the first triggering event"). The *Martin*

court noted that unless the state exercises reasonable diligence in attempting to locate and notify an accused of charges pending against him, "the state cannot rely upon the prisoner's delay in serving the notice of incarceration required in R.C. 2941.401." See, also, *Miller, supra* (" 'The state is prohibited from engaging in practices which undercut the intent and purposes of the speedy trial statutes.' "); *Green* and *Kuhn, supra.*

In accordance with the foregoing, in *State v. Davis* (June 4, 1997), Ross App. No. 96CA2181, unreported, 1997 WL 305217, we stated:

"Where the warden fails to inform the prisoner, the state cannot rely upon the defendant's failure to make a demand for speedy disposition, but must start the one hundred eighty day time period from the day of the indictment. * * * However, where the defendant is fully aware of the charges pending against him, the fact that he was not notified by the warden does not excuse his duty to trigger the running of his speedy trial rights under R.C. 2941.401."

In the case at bar, the parties do not dispute that appellee lacked knowledge of the pending charge. The parties also do not dispute that the person having custody of appellee never received notice of the pending charge. Despite these two facts, the state asserts that it exercised reasonable diligence in attempting to serve appellee with notice of the pending charges.

The state claims that it did not know that appellee was incarcerated. The state further asserts that a twenty-eight-month delay between the issuance of the indictment and the serving of the indictment does not equate with a lack of reasonable diligence. We disagree with the state.

Our previous cases clearly hold that the state must exercise reasonable diligence in attempting to notify the incarcerated defendant of the pending charges. See, *e.g., Green* and *Kuhn, supra.* In the case at bar, the state has not offered any proof of the methods it used to attempt to locate appellee, let alone to serve appellee with the indictment and the warrant. Rather, after Detective Lowe received the indictment, the evidence demonstrates that no efforts were made to notify appellee of the charge. Consequently, we believe that the trial court correctly determined that the state failed to exercise reasonable diligence and properly dismissed appellee's indictment.

■ The state nevertheless asserts that R.C. 2941.401 does not apply to the facts of the case *sub judice.* The state argues that R.C. 2941.401 is inapplicable because appellee "failed to make a written notification of location of imprisonment and failed to make a written request for final disposition of the indictment." As we stated above, however, a defendant's duty to request final disposition of the indictment is not triggered until and unless the defendant knows of the pending indictment. *Green, supra* (stating that "unless the state exercises reasonable

diligence in attempting to locate and notify an accused of the charges pending against him, 'the state cannot rely upon the prisoner's delay in serving the notice of incarceration' ").

Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.

*Judgment affirmed.*

STEPHENSON, P.J., and KLINE, J., concur.