JOURNAL ENTRY AND OPINION
The appellant, Victor Wangul, appeals the decision of the trial court denying his motion to dismiss and motion to suppress based on the evidence presented. For the reasons set forth below, we reverse the decision of the trial court.
The evidence presented at the suppression hearing established that this incident arose following a complaint lodged to the police by Wangul's neighbor, who stated that he believed Wangul was growing marijuana in his backyard. Detective Monnolly, Detective Wischmeier and Detective Riley followed up on the complaint by driving to the neighbor's house and requesting permission to walk into his backyard to see if they could observe Wangul's yard.
Detective Monnolly testified that when they reached the back of the neighbor's yard, they peered over the fence into Wangul's backyard where they observed him watering plants. Included in his vegetation, the detectives observed several marijuana plants, four to five feet tall.
After seeing the marijuana plants, Detective Monnolly jumped over the fence and entered Wangul's backyard where he began talking to him. At the same time, Detective Riley went back to the undercover car, drove around to the front of Wangul's house and then entered his backyard. At this point, Detective Riley asked Wangul his name, and he responded that his name was "Nick Teravonno". He then stated that he was lying and that his real name was Victor Wangul. After the Detectives ran Wangul's social security number, they were informed by the dispatcher that he was wanted on a felony warrant for grand theft through the Cuyahoga County Sheriff's Office.
Wangul signed a consent to search form for his house where a marijuana smoking device was found. All of the marijuana plants in the yard were pulled out of the ground and sent to be tested and weighed to determine the severity of the penalty. Wangul was issued a citation for falsification and was arrested on the outstanding warrant for grand theft.
On February 23, 2001, Wangul's counsel filed a motion to suppress the marijuana seized at his residence and then made an oral motion at the suppression hearing to dismiss the case for lack of a speedy trial. The trial court denied both the motion to dismiss and motion to suppress. Wangul then changed his plea to the three-count indictment from not guilty to no contest; count one, cultivation of marijuana, in violation of revised code section 2925.04; count two, possession of marijuana, in violation of revised code section 2925.11; and count three, possessing criminal tools, in violation of revised code section 2923.24.
The trial court sentenced Wangul to the Lorain Correctional Institution for six months on count one, six months on count two, and six months on count three, to be run concurrently with each other and concurrent to the sentence imposed in Case No. 322010 (grand theft).
Wangul appeals his conviction and asserts the following assignments of error:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO DISMISS BY REASON OF A LACK OF A SPEEDY TRIAL.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS MOTION TO SUPPRESS WAS OVERRULED AS THE OFFICERS TRESPASSED ON THE PROPERTY.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT RULED THAT THE ENTRY TO DEFENDANT'S HOME WAS CONSENSUAL.
In appellant's first assignment of error, he contends that the trial court failed to properly dismiss the state's case because they failed to bring the case to trial within the statutorily prescribed time period, thus violating his constitutional right to a speedy trial. Appellant's arguments are without merit.
R.C. 2945.71 provides in pertinent part:
 (C) A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
* * *
 (E) * * * each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *
The question for review in this case is when the time period for calculating a speedy trial starts to run. As this court has previously discussed, "the constitutional right to a speedy trial arises when a person becomes an `accused.'" State v. Fitzgerald (March 3, 1994), Cuyahoga App. No. 76240, unreported, 1994 Ohio App. LEXIS 813, at 6 citing United States v. Marion (1971), 404 U.S. 307, 313. "A person becomes an accused when prosecution is initiated against him, either through `formal indictment or information or [by] the actual restraints imposed by arrest and holding to answer a criminal charge.'" Id. citingId. at 320.
When dealing with multiple indictments, the Supreme Court of Ohio has stated, in State v. Baker (1997), 78 Ohio St.3d 108, 111:
 * * * [W]e find that in issuing a second indictment against the defendant, the state was not subject to the speedy-trial time limits of the original indictment, since the subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment. Additional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation.
In the case at bar, the appellant was arrested at his residence due to an outstanding felony arrest warrant issued by the Cuyahoga County Sheriff's Office on the charge of grand theft. The detectives stated that no charges were brought against the appellant on that particular day regarding the cultivation of marijuana because the marijuana would first have to be weighed to determine if the charge was going to be a felony or a misdemeanor. The detectives further stated that if the charge was determined to constitute only a misdemeanor, the appellant would receive a citation and be released. Since the subsequent indictment for cultivation of marijuana was not filed until after the marijuana was weighed and the charges determined, this indictment was based on new and additional facts which were not known at the time the appellant was arrested on the outstanding warrant for grand theft.
On December 12, 2001, the Cuyahoga County Grand Jury returned an indictment against the appellant for cultivation of marijuana, possession of marijuana and possession of criminal tools. Therefore, the appellant's speedy trial time on these charges do not start running on July 31, 2001, the day he was arrested in his backyard on the grand theft charge, but rather several months later after he was indicted on the marijuana charges and while he was incarcerated on the felony grand theft charge.
When an individual is incarcerated on different charges at the time of his or her subsequent indictment, R.C. 2941.401 establishes his or her speedy trial rights for the new indictment.
R.C. 2941.401 provides:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance.
* * *
 If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.
This court has already determined that even though the code section above displays on its face that the 180-day provision does not apply unless the accused requests a final disposition, the state cannot hide behind that presumption. "The state cannot avoid the requirement of R.C.2941.401 by neglecting or refusing to send a copy of the indictment to the warden of the accused's institution of incarceration." State v.Rivas (May 10, 2001), Cuyahoga App. No. 78166, unreported, 2001 Ohio App. LEXIS 2075, at 4, citing State v. Brown, 131 Ohio App.3d 387; Statev. Miller, 113 Ohio App.3d at 609.
Under the provisions of R.C. 2941.401, an accused is granted a right to demand final disposition of his or her current charges within 180 days upon the happening of the first triggering event. State v. Curry,
1997 Ohio App. LEXIS 4495 (September 30, 1997), Scioto App. No. 95 CA 2339, unreported. In this case, a capias was issued on December 27, 2001 ordering the appellant to be returned to the Cuyahoga County Jail from the Lorain Correctional Institution. The capias was returned with the appellant in custody on January 9, 2001; he was arraigned on January 19, 2001, at which time he was fully advised of his constitutional rights and waived a reading of the indictment. Appellant's counsel then filed a motion to suppress on February 23, 2001. Pursuant to R.C. 2945.72(E), a motion by a defendant tolls the time for trial under R.C. 2945.71. SeeCity of Cleveland v. Burns (July 16, 1987), Cuyahoga App. No. 53074, unreported, 1987 Ohio App. LEXIS 7976.
In this case, the court cannot find that the state failed to prosecute the appellant within the 180-day time frame established by R.C. 2941.401. Therefore, appellant's first assignment of error is without merit.
In appellant's second assignment of error, he contends that the trial court erred in denying his motion to suppress the seized marijuana since the detectives did not possess the proper consent to enter his home; therefore, the warrant exception based on the plain view doctrine does not apply.
The search of the appellant's backyard was a warrantless search and seizure. Searches conducted outside of the judicial process, without approval from a neutral and detached judge or magistrate, are per se unreasonable under the Fourth Amendment unless they fall within one of the exceptions to the warrant requirement. Coolidge v. New Hampshire
(1971), 403 U.S. 443, 454-55.
"The plain view exception to the Fourth Amendment warrant requirement permits a law enforcement officer to seize what clearly is incriminating evidence of contraband when it is discovered in a place where the officer has a right to be." State v. Tanner (March 10, 1995), Cuyahoga App. No. 94 CA 2006, unreported, 1995 Ohio App. LEXIS 1028, at 8 citing Coolidgev. New Hampshire (1971), 403 U.S. 443. In addition, for the plain view exception to apply, the police officer must not only be located in a place where the officer has a right to be, but the officer must also possess a lawful right or access to the object in plain view. See Hortonv. California (1990), 496 U.S. 128; State v. Benner (1988),40 Ohio St.3d 301, 307-308; State v. Sage (1987), 31 Ohio St.3d 173,185.
"The Ohio Supreme Court has established a three-prong test to determine the existence of the plain view doctrine as an exception to the warrant requirement. The first is that the intrusion affording the plain view must be lawful. The second prong is that the discovery of the evidence must be inadvertent. Thirdly, the incriminating nature of the evidence must be immediately apparent to the seizing authority." State v. Jedrick
(May 9, 1991), Cuyahoga App. No 60276, unreported, 1991 Ohio App. LEXIS 2222, at 7-8 citing State v. Wilmoth (1982), 1 Ohio St.3d 118, State v.Williams (1978), 55 Ohio St.2d 82. However, in State v. Waddy (1992),63 Ohio St.3d 424, 442 n. 5 citing Horton v. California (1990), 110496 U.S. 128, the Ohio Supreme Court found that the Fourth Amendment does not prohibit the warrantless search and seizure of evidence found in plain view even if the evidence was not discovered inadvertently. Therefore, the plain view analysis now only contains the first and third of its original elements.
In a similar case, State v. Staton (March 15, 1991) Greene App. No. 90-CA-62, unreported, 1991 Ohio App. LEXIS 1009, officers responded to a complaint alleging that the defendant was growing marijuana and possessed several junk cars in his yard. When the officers looked into the defendant's yard, they were able to make a plain view observation of marijuana plants growing in the defendant's backyard. The court determined that "plain view alone is never enough to justify the warrantless seizure of evidence. This is simply a corollary of the familiar principle discussed above, that no amount of probable cause can justify a warrantless search or seizure absent `exigent circumstances.'"Id. at 8. The police in Stanton failed to demonstrate the presence of exigent circumstances and failed to demonstrate that they were incapable of securing the area and properly obtaining a search warrant.
"Exigent circumstances will permit a deviation from the Fourth Amendment warrant requirement in the presence of probable cause to arrest or to search." City of North Royalton v. James Bramante (April 29, 1999), Cuyahoga App. No. 74019, unreported, 1999 Ohio App. LEXIS 1949, at 17. Those circumstances that have been determined to be exigent and therefore justify a warrantless search and seizure are: the hot pursuit of a fleeing felon, imminent destruction of evidence, preventing a suspect's escape, and protecting the life of a police officer or others. See, Welsh v. Wisconsin (1984), 466 U.S. 740; Minnesota v. Olson (1990),495 U.S. 91, 100.
In the instant case, the detectives observed the appellant watering the marijuana plants while they stood in his neighbor's yard. This is the same neighbor who called in the complaint and who granted permission to the detectives to enter his backyard for the purpose of looking at the appellant's yard. After the appellant was observed briefly, Detective Monnolly jumped the fence into the appellant's yard to further question him. He also asked the appellant to assist him in tearing out the marijuana plants while the other detectives pulled their car around and entered the appellant's yard through the backyard gate.
In this present appeal, there are no facts that would support the presence of exigent circumstances. There was no evidence presented that the detectives were afraid that the appellant was going to start destroying the marijuana plants. The evidence presented does show that there were enough detectives present to secure the backyard until a search warrant could have been properly obtained. Therefore, the marijuana seized from the appellant's backyard should have been suppressed by the trial court. Appellant's second assignment is well taken.
In his third assignment of error, appellant claims he was denied due process of law when the court ruled that the entry onto his property was consensual. The subsequent search of the appellant's home violated his Fourth Amendment rights, and the trial court should have suppressed any evidence obtained after the illegal entry onto his property as "fruit of the poisonous tree." See Nardone v. United States (1939), 308 U.S. 338;State v. Carter (1994), 69 Ohio St.3d 57. Appellant's third assignment of error also possesses merit.
Judgment reversed.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., CONCURS. TERRENCE O'DONNELL, J., DISSENTS.