OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellant, Khbair Tisdale, appeals the decision of the Columbiana County Court of Common Pleas convicting him of possession of drugs in violation of R.C. 2925.11(A), a second degree felony, and sentencing him to four years in prison. Tisdale's sole argument is that the trial court violated his right to a speedy trial. However, a review of the record shows that this argument is meritless. Accordingly, the trial court's decision is affirmed.
 {¶ 2} On July 4, 2005, Tisdale was arrested on a warrant issued on July 1, 2005, in another criminal case. When Tisdale was arrested, the arresting officers found drugs on his person. On September 30, 2005, a secret indictment was handed down against Tisdale charging him with possession of drugs in violation of R.C. 2925.11(A), a second degree felony under R.C. 2925.11C(4)(d). Tisdale was arraigned on this charge on December 12, 2005. Tisdale then filed a request for discovery and a bill of particulars on December 15, 2005. On January 4, 2006, the State submitted its responses to those requests. On January 5, 2006, Tisdale moved to suppress certain evidence. This motion was heard and denied by the trial court on May 5, 2006. On May 8, 2006, Tisdale pleaded guilty to the pending charge, was convicted and sentenced by the trial court.
 {¶ 3} In his sole assignment of error, Tisdale argues:
 {¶ 4} "Defendant's speedy trial rights were violated."
 {¶ 5} Our review of a trial court's decision regarding a motion to dismiss for violation of the speedy trial provisions involves a mixed question of law and fact. State v. Brown (1998), 131 Ohio App.3d 387,391. We give due deference to the trial court's findings of fact if they are supported by competent, credible evidence. Id. However, we independently determ ine whether the trial court properly applied the law to the facts of the case. Id. When reviewing the legal issues in a speedy trial claim, we must strictly construe the statutes against the State. See Brecksville v. Cook, 75 Ohio St.3d 53, 57, 1996-Ohio-0171,Brown.
 {¶ 6} R.C. 2945.71(C)(2) requires the state to bring a felony defendant to trial within two hundred seventy days of arrest. However, if the defendant remains in jail in lieu of bail solely on the pending charge, then each day is counted as three days. R.C. *Page 2 2945.71(E). This is known as the triple-count provision. Under this provision, when a felony defendant is held in jail in lieu of bail solely on the pending charge, the state must bring the defendant to trial within ninety days. See R.C. 2945.71, 1973 Legislative Service Commission Commentary. If the state fails to bring a defendant to trial within the statutory timeframe, then the court must discharge the defendant upon his motion. R.C. 2945.73(B). Tisdale claims this triple count provision applies to him, but he is incorrect.
 {¶ 7} In order to be discharged for a violation of the statutory right to a speedy trial, a criminal defendant must make a prima facie case for that discharge. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31. Once the defendant has established a prima facie case, the burden of proof shifts to the state to show that the R.C. 2945.71 time limitations have not expired. Id. at 31. If the state fails to produce evidence to rebut the defendant's prima facie case, then the court must discharge the defendant. State v. Price (1997), 122 Ohio App.3d 65, 68, 701 N.E.2d 41, citing Butcher.
 {¶ 8} Other appellate courts have held that merely alleging that the triple count provision applies is insufficient to establish a prima facie showing that the triple count provision actually applies. SeeState v. Gagaris (Mar. 9, 2001), 2nd Dist. No. 2000-CA-62 ("Mere incarceration, by itself, is not enough to trigger the triple-count provision of the statute."); State v. Perry, 4th Dist. No. 05CA2837, 2006-Ohio-0219. However, we need not reach this issue since the record shows that the triple count provision did not apply to Tisdale.
 {¶ 9} Tisdale was sentenced to a fifteen month sentence in Case No. 04-CR-339 on July 15, 2005. On December 12, 2005, Tisdale was sentenced in Case No. 05-CR-179 to a term of six months which was to be served concurrently with the sentence imposed in 04-CR-339. There is no indication that Tisdale was released before these terms expired. Tisdale was sentenced in this case on May 16, 2006, within the period of time he was supposed to be serving his sentence for those prior convictions. Since Tisdale was serving jail time for prior convictions the entire time he was awaiting trial in this matter, the triple count provision does not apply and the State had 270 days from the time of his arrest to bring Tisdale to trial.
 {¶ 10} Tisdale and the State disagree over the date upon which Tisdale's speedy *Page 3 
trial time for this offense began to run. Tisdale believes it began to run on the date he was arrested. The State believes it began to run on the date Tisdale was indicted on this offense, since he was arrested for another offense on that date. It does not matter which of these dates we use on appeal, since neither date results in a violation of Tisdale's speedy trial rights. However, for purposes of illustration, we will give Tisdale the benefit of the doubt and calculate his speedy trial days from the date of his arrest.
 {¶ 11} Tisdale was arrested on July 4, 2005, and pleaded no contest on May 8, 2006. Thus, 308 days passed between the date of his arrest and the date of his plea. However, the time within which an accused must be brought to trial may be extended by "[a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused[.]" R.C. 2945.72(E). On January 5, 2006, Tisdale filed a motion to suppress. Under R.C. 2945.72(E), a motion to suppress is clearly an automatic tolling event. See State v. Santini (2001), 144 Ohio App.3d 396, 405. The motion was ruled upon on May 5, 2006. Thus, 120 days were tolled for the purposes of calculating Tisdale's speedy trial time while this motion was pending, taking the total number of days that had passed for the purposes of speedy trial to 188. Other events, such as requesting discovery and a bill of particulars, tolled the speedy trial time even more. However, it is unnecessary to address those issues in detail for the purposes of this appeal.
 {¶ 12} The record clearly demonstrates that Tisdale's speedy trial rights were not violated in this case. Accordingly, his sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1