OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral argument to this Court. Appellant, Ricky Bryant, appeals the decision of the Mahoning County Court of Common Pleas overruling his motion to dismiss based upon an alleged speedy trial violation. As we conclude that Bryant was brought to trial within the statutory time limit, we affirm the decision of the trial court and uphold Bryant's conviction.
 {¶ 2} On June 1, 2006, Bryant was indicted for one count of aggravated robbery in violation of R.C. 2911.01(A)(1)(C), a felony of the first degree with a firearm specification, R.C. 2941.145(A), and one count of having weapons while under a disability in violation of R.C.2923.13(A)(2)(B), a felony of the third degree. On October 25, 2006, Bryant filed a motion to dismiss these charges based upon the lapsing of the statutory speedy trial time. On January 10, 2007, the trial court denied Bryant's motion to dismiss and a jury trial was set. On February 20, 2007, Bryant pled no contest to the charges and he was sentenced to a term of ten years in prison.
 {¶ 3} As his sole assignment of error, Bryant claims: "The trial court erred in overruling Appellant Bryant's motion to dismiss as his trial date was set after his statutory speedy trial time had elapsed thus violating Appellant Bryant's statutory rights per R.C. § 2945.71 et. seq."
 {¶ 4} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. Brown (1998),131 Ohio App.3d 387, 391, 722 N.E.2d 594. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently determine whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706.
 {¶ 5} R.C. 2945.71 sets forth the statutory right to a speedy trial and states in part, "a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). The state must bring a *Page 2 
person arrested and charged with a felony to trial within two hundred seventy days unless the accused remains in jail in lieu of bail solely on the pending charge. Then the statute mandates that each day in jail counts as three days. R.C. 2945.71(E). This is known as the triple-count provision. If the defendant is not brought to trial within the statutory timeframe, he "shall be discharged." R.C. 2945.73(B). "`The rationale supporting [the speedy-trial statute] was to prevent inexcusable delays caused by indolence within the judicial system."' State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶ 24 (quotingState v. Ladd (1978), 56 Ohio St.2d 197, 200, 383 N.E.2d 579).
 {¶ 6} Because he was incarcerated from the date of his arrest, the State was required to bring him to trial within 90 days pursuant to the triple count provision of R.C. 2945.71(E). Although Bryant was arrested on June 5, 2006, he was not appointed counsel until June 14, 2006. R.C.2945.72(C) states that "[a]ny period of delay necessitated by the accused's lack of counsel" extends the time within which the accused must be brought to trial, "provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law."
 {¶ 7} In this case, it appears that the trial court was diligent in providing counsel to Bryant. Nevertheless, it does not appear that any time is tolled since there was no actual delay necessitated by Bryant's lack of counsel. The State took several meaningful steps in Bryant's prosecution before counsel was appointed. For example, he was arraigned and both a pre-trial hearing and trial were scheduled. Thus, Bryant's speedy trial time should not be extended during the period of time preceding the initial appointment of counsel. See State v. Henry (Aug. 10, 1994), 7th Dist. No. 93-C-26.
 {¶ 8} The clock ran until Bryant filed a motion for discovery on June 16, 2006. In State v. Brown, 98 Ohio St.3d 121, 781 N.E.2d 159,2002-Ohio-7040, the Ohio Supreme Court held that a defendant's demand for discovery or a bill of particulars is a tolling event per R.C.2945.72(E). The Court reasoned that "discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay." *Page 3 
Id. at 124. Accordingly, the speedy trial clock was tolled until the State's response to this request. Although Bryant argues in his brief that he was notified by the State that the materials were ready for him on June 19, 2006, a document containing a reciprocal discovery request filed on June 29, 2006 indicates that the State did not actually comply with the discovery request until June 20, 2006. Thus, the speedy trial clock was tolled until that time.
 {¶ 9} The clock ran again for 24 days (35 days total) before Bryant filed a motion for reduction of bond on July 14, 2006. The clock was tolled by the filing of this motion and ordinarily the time would have remained tolled until the trial court addressed the motion. State v.Brown (June 10, 2005), 11th Dist. No. 2003-A-0092; State v. Caudill
(Dec. 2, 1998), 3d Dist. No. 5-97-35, at *8, citing State v.Walters (Jan. 18, 1996), 8th Dist. No. 68279. However, in its January 10, 2007 journal entry, the trial court stated that, because on July 18, 2006 Bryant's counsel moved to withdraw, "the matter of a bond reduction was not entertained by the Court. Rather, a hearing was scheduled on Attorney Yavorcik's Motion to Withdraw." In State v. Santini, (2001)144 Ohio App.3d 396, 760 N.E.2d 442, this court opined:
 {¶ 10} "Looking first to the language of the statute itself, we note that it does not state merely that all motions filed by the accused extend the try-by date for the accused. Rather, R.C. 2945.72(E) states that a motion extends the statutory time for trial `for any period of delay necessitated' by reason of the filing of the motion. Therefore, it is clear to us that the legislature intended that only the motions or proceedings initiated by the accused that cause a delay operate to extend the time for trial. Moreover, we find support for such a conclusion from the drafting committee's comment relative to R.C.2945.72 wherein the committee noted: `In each of the above cases [i.e. 2945.72(A) through (H) ] the applicable time limit is not tolled absolutely, but merely extended by the time necessary in light of the reason for the delay.' See State v. Arrizola (1992), 79 Ohio App.3d 72,75, 606 N.E.2d 1020, 1021-1022." Id. at 430.
 {¶ 11} Here, the trial court stated on the record that it did not rule upon the motion *Page 4 
and was not planning on ruling upon the motion in the future. We view this as an implicit denial of the motion. Thus, the "pending" motion would cause no further delay to the proceedings. It appears the trial court based its decision to not address the motion upon the withdrawal of counsel. Because speedy trial provisions must be strictly construed against the State, it appears the clock should have been tolled by the motion for bond reduction only up until the point the trial court decided not to rule upon the motion, or July 18, 2006.
 {¶ 12} However, the withdrawal of Bryant's counsel on that same day constituted another tolling event. State v. Kemper (Nov. 12, 2004), 2d Dist No. 2002-CA-101. R.C. 2945.72(H) provides that the speedy-trial time limit may be extended for the following relevant time: "The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." The next hearing was held on September 7, 2006, when counsel was available to attend. As it was reasonable for the trial court to continue the hearing until counsel could be present, that time is considered tolled. (48 days total)
 {¶ 13} The clock began to run again on September 7, 2006 as there were no motions or continuances noted on the docket which would toll the running of the speedy trial clock. See State v. Mincy (1982),2 Ohio St.3d 6, 441 N.E.2d 571. The clock continued to run for 18 days until Bryant made a second discovery request on September 25, 2006. (66 days total) Although the document is time stamped on September 27, 2006, this request was complied with by the State on September 25, 2006 as noted in the document. Notably, this document also contains a reciprocal request for discovery from the State similar to the one filed on June 29, 2006.
 {¶ 14} The clock ran from September 25, 2006 until the next tolling event which occurred on October 16, 2006, when Bryant filed a second motion for bail modification. (87 days) Bryant then moved to dismiss his case based on an alleged speedy trial violation on October 25, 2006. The trial court, however, did not rule upon Bryant's motion for bail modification until after Bryant filed his motion to dismiss. Thus, the clock did not *Page 5 
begin to run again. Given these facts, we cannot say that Bryant's right to a speedy trial was violated as only 87 days had passed. Bryant's sole assignment of error is meritless.
 {¶ 15} Accordingly, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1