[Cite as *State v. Large*, 2017-Ohio-7104.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                      Court of Appeals No. OT-16-032

     Appellee                                      Trial Court No. CRB 1401586 A/B

v.

Joshua T. Large                              **DECISION AND JUDGMENT**

     Appellant                                      Decided:  August 4, 2017

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellee.

Michael W. Sandwisch, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Joshua T. Large, appeals the October 26, 2016 judgment of the Ottawa County Municipal Court denying his motion to dismiss for violation of his right to a speedy trial.  For the reasons that follow, we reverse the trial court judgment.

## I. Background

{¶ 2} On May 29, 2014, Joshua Large was arrested after he swerved his vehicle toward four Port Clinton police officers—Officers Joshua Nelson, Nathan Edmonds, James Cipiti, and Ryan Yost—coming within several feet of hitting them. On May 30, 2014, he was charged in Ottawa County Court of Common Pleas case No. 1400526 A with the felonious assault of Officers Nelson and Edmonds ("Case 1"). Three days later, he was also charged in Ottawa County Municipal Court case No. TRD 140235 A/B with driving under suspension and reckless operation ("Case 2").

{¶ 3} The state amended the felonious assault charge to one for aggravated menacing, a first-degree misdemeanor. It did this on June 6, 2014. That same day, Large waived his speedy trial rights in Case 1. He waived his speedy trial rights in Case 2 on June 20, 2014.

{¶ 4} On October 31, 2014, the state dismissed Case 1 in anticipation of a grand jury indictment. When a grand jury indictment did not follow, the state filed two complaints against Large on November 20, 2014, in Ottawa County Municipal Court case No. 1401586 A/B ("Case 3"), charging him with aggravated menacing. This time, Officers Cipiti and Yost were identified as the victims instead of Officers Nelson and Edmonds. The same day the new complaints were filed, Large entered a plea of no contest to an amended charge in Case 2, charge A, and charge B was dismissed.

{¶ 5} Large signed a speedy-trial waiver in Case 3 on January 7, 2015. But on April 10, 2015, he filed a motion to dismiss for violation of his speedy-trial rights in that

2.

case. The trial court denied his motion on April 16, 2015. On July 8, 2015, Large entered a plea of guilty to the amended charge of menacing in Case 3, charge A. Charge B was dismissed. Large was convicted and sentenced to 30 days in the Ottawa County Detention Facility and fined $100.

{¶ 6} Two days after Large was convicted, he appealed the trial court's judgment denying his motion to dismiss. In a decision dated July 8, 2016, we reversed the trial court's judgment because the court failed to hold a hearing on the motion. *State v. Large,* 6th Dist. Ottawa No. OT-15-025, 2016-Ohio-4900. We remanded the matter to the trial court for a hearing. *Id.* at ¶ 14.

{¶ 7} On remand, the trial court held a hearing on August 24, 2016, on Large's motion to dismiss. It again denied his motion on October 26, 2016. Large appealed and assigns the following error for our review:

> The Trial Court erred to the prejudice of the Defendant/Appellant in denying the Defendant's Motion to Dismiss on Speedy Trial Grounds.

## II. Law and Analysis

{¶ 8} The Sixth Amendment to the U.S. Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. That right is codified in R.C. 2945.71, which prescribes specific time requirements within which the state must bring an accused to trial. The time limits are determined according to the classification and degree of the offense at issue. R.C. 2945.72 sets forth the permissible reasons for extending those time limits.

3.

**{¶ 9}** "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). These provisions are mandatory, and the state must strictly comply with these requirements. *State v. Hohenberger*, 189 Ohio App.3d 346, 2010-Ohio-4053, 938 N.E.2d 419, ¶ 35 (6th Dist.). "[W]hen a criminal defendant shows that he was not brought to trial within the proper period, the burden shifts to the State to demonstrate that sufficient time was tolled or extended under the statute." *Hohenberger* at ¶ 35.

**{¶ 10}** A trial court's decision denying a motion to dismiss based on an alleged violation of the speedy trial statutes presents a mixed question of law and fact. *State v. Rumer*, 6th Dist. Lucas No. L-07-1178, 2009-Ohio-265, ¶ 7, citing *State v. Brown*, 131 Ohio App.3d 387, 391, 722 N.E.2d 594 (4th Dist.1998). While we accord reasonable deference to the trial court's findings of fact if supported by competent, credible evidence, we independently determine whether the trial court properly applied the law to the facts of the case. *Id.*

**{¶ 11}** Large argues that under R.C. 2945.71(A)(2), the state was required to bring charges[1] within 90 days of the May 29, 2014 incident—i.e., when the state knew of the facts giving rise to the charge. Using that calculation, he insists that the "last day for

---

[1] Presumably, Large means that the state was required to bring him *to trial* within 90 days of the incident.

4.

filing by the State would have been August 28, 2014." He maintains that his speedy-trial right was violated in Case 3 well before the state filed the charges.

{¶ 12} The state contends that the time for calculating the speedy-trial deadline in Case 3 began on November 20, 2014, when the state filed new charges for new victims. It maintains that even though the injuries to all four victims arose from the same incident and were known to the state on May 29, 2014, "the conduct which constitutes a violation of each ordinance is different." It also urges that even if May 29, 2014, is used as the time from which the speedy-trial time begins to run, Large's claim still fails because only 72 days are chargeable to the state.

## A. The Speedy-Trial Deadline Is Calculated Using the Date of Large's Arrest.

{¶ 13} There is no question that where there is more than one victim, a defendant may be charged with and convicted of crimes as against *each* victim despite the fact that all arose from the same conduct. *See State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 23 ("[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims * * *."). But that is not the issue here. The issue here is whether the state was required to bring Large to trial in Case 3 within 90 days after the May 29, 2014 incident where (1) the charges in Case 3 were premised on the offenses committed against victims different than those for which he was charged in Case 1; (2) the state knew at the time of Large's arrest that Officers Cipiti and Yost were also victims of Large's conduct; and (3) the offenses committed against all four officers occurred

5.

simultaneously when Large swerved his vehicle toward all four of them in a single maneuver.

{¶ 14} The state urges that while the conduct alleged in the two cases is similar, Case 3 was premised on different facts than Case 1 because different victims were involved. The trial court agreed with the state. The state cites *State v. Haggard,* 9th Dist. Lorain No. 98CA007154, 1999 Ohio App. LEXIS 4723 (Oct. 6, 1999), in support of its position.

{¶ 15} In *Haggard,* a group of men made lewd remarks toward the defendant's wife at a BW-3 restaurant on July 17, 1997. Defendant began to fight one of them, Robert McFadden, and he saw his friend fight another, Charles Butterfield. McFadden pressed charges and defendant was charged with misdemeanor assault as against McFadden. Defendant entered a plea. Five months later, Butterfield swore out a claim of assault against defendant, and defendant was charged with a second misdemeanor assault as against Butterfield.

{¶ 16} Defendant moved to dismiss the second case for violation of his right to a speedy trial. The trial court granted the motion, reasoning that the charges as to the assaults on both victims were "the same facts" and those facts were fully known to the state at the time of the initial assault charge in July. *Id.* at \*10. The Ninth District reversed. While it recognized that "many of the facts pertinent to the prosecution of the first charge would also be essential to the prosecution of the second charge," it held that

6.

the factual issues of each assault are not the same because they involved "separate victims, separate assaults, and a separate animus as to the assault of each victim." *Id.*

{¶ 17} The *Haggard* court focused on the language used by the Ohio Supreme Court in *State v. Baker,* 78 Ohio St.3d 108, 676 N.E.2d 883 (1997), syllabus, where it held that "[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." The Ohio Supreme Court's use of the disjunctive "or" was crucial to the Ninth District's decision. The court observed that while the state admittedly knew in July of the facts concerning both assaults, it could not be said that the facts of the first assault were the same as the facts of the second assault. It reversed the trial court's dismissal of the second case.

{¶ 18} The state argues that *Haggard* is dispositive here, however, the Second District reached a different conclusion when it considered a substantially similar issue in *State v. Perry*, 2d Dist. Montgomery No. 24735, 2012-Ohio-1856. There the defendant was arrested after making threats against two different victims at a house party on February 25, 2011. On February 27, 2011, he was charged with aggravated menacing as to threats made against one of the victims, Ora Lee Jones, but was not charged in connection with the threats made to the second victim, Kelly Welch, until March 21, 2011. The trial court consolidated the cases. The defendant eventually moved to dismiss for violation of his right to a speedy trial, and one of the issues the court analyzed was

7.

whether the speedy-trial time began to run on the charge in the second case on February 25, 2011—when he was arrested for his conduct at the party—or on March 21, 2011—the date the criminal complaint was filed.

{¶ 19} The Second District analyzed the *Haggard* decision, but it found that the facts before it differed from *Haggard* in an important respect: the defendant in *Perry* was arrested "for both offenses at the same time." The arresting officer was asked:

> Q: What did you arrest [defendant] for?
>
> A: Aggravated menacing.
>
> Q: For who?
>
> A: For Ora Lee Jones and Kelly Welch.

*Id.* at ¶ 25.

{¶ 20} Because the officer confirmed that the defendant had been arrested for menacing both Jones and Welch, the court held that the state could not avoid commencement of the speedy-trial time on the second case. "The speedy trial time on that charge necessarily commenced on February 25, 2011, when Defendant was also arrested on the offense involving Kelly Welch." *Id.* at ¶ 26.

{¶ 21} We have carefully considered the circumstances involved in the present case. While no testimony was presented from the arresting officers, we have examined the record, including the detailed exhibits. Exhibit D contains the arrest records. There is an arrest record relating to each of the four victims in the case: Officer Nelson, Officer Edmonds, Officer Yost, and Officer Cipiti. Similar to *Perry,* all four of those arrest

8.

reports identify May 29, 2014, 9:44 p.m. as the date and time of Large's arrest for the charges described in the reports. This leads us to conclude that the speedy-trial clock for Case 3 began to run at the same time as it did in Case 1, despite the fact that Large was not charged for the offenses committed against Officers Cipiti and Yost until November 20, 2014.

{¶ 22} We also find that the present case is factually distinguishable from *Haggard.* While *Haggard* involved assaults that occurred at the same time and place, there is nothing in the court's decision indicating that the assaults against the two victims occurred simultaneously as part of a single act. In fact, in the absence of details to the contrary, we presume that it was not physically possible for the defendant to assault both victims simultaneously. Here, however, the conduct giving rise to the charges against Large was committed with one act: he swerved a vehicle in the direction of the four officers who were walking together.

{¶ 23} Given that the facts giving rise to the charges against Large in Cases 1 and 3 were identical, and the arrest records indicate that he was arrested on all charges at the same time, we agree with Large that the time for calculating the speedy-trial deadline began to run on May 29, 2014, for both Cases 1 and 3. This does not end our inquiry, however. We must also determine whether the speedy-trial statute was, in fact, violated.

### B. Large's Right to a Speedy Trial Was Violated.

{¶ 24} As we recognized above, "[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal

9.

charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." *Baker* at syllabus. We have concluded that the additional criminal charges filed against Large in Case 3 *did not* arise from facts different from the original charges and the state *did* know of the facts giving rise to Case 3 at the time Case 1 was filed. Thus, May 29, 2014 is our starting point for calculating the speedy-trial time.

{¶ 25} The state argues that even using May 29, 2014, as the starting point, Large was brought to trial within 90 days. Its position is based on the fact that (1) Large executed a time waiver on June 6, 2014 which tolled the time until the case was dismissed on October 31, 2014, and (2) the time between a dismissal without prejudice and the refiling of charges is not counted against the state. *See State v. Broughton,* 62 Ohio St.3d 253, 581 N.E.2d 541 (1991), paragraph one of the syllabus ("[T]he time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail * * *."). Taking this into account, and giving Large three days' credit for each day he spent in jail, as required by R.C. 2945.71(E), the state contends that only 72 days are chargeable to it:

10.

May 29, 2014, to June 6, 2014 (in jail): 24 days

June 7, 2014 (Case 1 waiver), to October 31, 2015 (Case 1 dismissal): 0 days

October 31, 2015, to November 19, 2015 (no case pending): 0 days

November 20, 2014, (Case 3 filed) to January 7, 2014 (Case 3 waiver): <u>48 days</u>

72 days

**{¶ 26}** The problem with the state's position is that Case 1 was not refiled on November 20, 2014; rather, new charges involving new victims were brought on that date. The waiver signed by Large in Case 1 does not constitute a waiver in Case 3. *See State v. Adams,* 43 Ohio St.3d 67, 70, 538 N.E.2d 1025 (1989) (holding that "when an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver."). Thus, the time is chargeable in Case 3 as follows:

May 29, 2014, to June 6, 2014 (in jail): 24 days

June 7, 2014, to November 20, 2014 (Case 3 filed): 167 days

November 21, 2014, to January 7, 2015 (Case 3 waiver): <u>48 days</u>

239 days

**{¶ 27}** Large is, therefore, correct that the speedy-trial time had expired before he was charged in Case 3. Accordingly, we find Large's sole assignment of error well-taken, and we find that his conviction must be vacated.

11.

### III.  Conclusion

{¶ 28} We find Large's assignment of error well-taken, we reverse the October 26, 2016 judgment of the Ottawa County Municipal Court denying his motion to dismiss for violation of his right to a speedy trial, and we vacate his conviction.  Large is discharged. The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.
_____
JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.