[Cite as *State v. Banks*, 2020-Ohio-5170.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MARLON BANKS | : | Case No. 2020 CA 0002 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2016 CR 00111


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      November 4, 2020


APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

DAVID HOMER                                     EARL K. DESMOND
60 East High Street                                 7 West High Street
Mt. Gilead, OH 43338                            Mount Gilead, OH 43338

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant Marlon Banks appeals the December 20, 2019 judgment of the Morrow County Court of Common pleas which denied Banks' motion to dismiss, found him guilty of burglary and theft of a firearm, suspended a 36-month prison sentence, and placed Banks on community control for a period of three years. Plaintiff-appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On July 15, 2016, the Morrow County Grand Jury returned an indictment charging Banks with burglary and theft of a firearm. Although Banks had been interviewed regarding the charges by a Morrow County Sheriff's deputy on June 7, 2016, his whereabouts thereafter became unknown, and a warrant issued for his arrest. The warrant was entered into the Law Enforcement Automated Data System (LEADS) database on July 19, 2016.

{¶ 3}  A short time before Banks was indicted in Morrow County, he was sentenced to a prison term on June 26, 2016 as a result of criminal convictions in Franklin County. When Banks was received at Pickaway Correctional Institution an official there, as per procedure, checked for any outstanding warrants for Banks but found none. However, when Banks was screened before his August 20, 2018 release, prison officials discovered the outstanding Morrow County warrant and notified Banks of the same. He was thereafter transported to Morrow County where he was arraigned and released on bail.

{¶ 4}   While he was incarcerated at Pickaway, Banks never made a request for disposition of his pending Morrow County charges pursuant to R.C. 2941.401, a speedy trial statute applicable only to defendants incarcerated in an Ohio correctional institution and facing charges separate from those they are already incarcerated for. Instead, on November 5, 2018, after he had been released from Pickaway and was free on bail on in the matter at bar, Banks filed a motion to dismiss arguing the state had failed to comply with R.C. 2941.401. On November 13 2018, the state filed a response arguing Banks was not entitled to discharge per R.C. 2941.401 under the facts of this case. On November 19, 2018, counsel for Banks filed a second notion to dismiss, again per R.C. 2941.401, and the state again responded on November 21, 2018.

{¶ 5}   Following several continuances, the parties arrived at a plea agreement whereby in exchange for Banks' no contest plea, so he could appeal the R.C. 2941.401 issue, Banks would receive a suspended 36-month sentence, and a period of three years community control.

{¶ 6}   Banks timely appeals the denial of his motion to dismiss raising one assignment of error for our review:

I

{¶ 7}   "THE TRIAL COURT ERRONEOUSLY DENIED THE MOTION TO DISMISS FOR VIOLATION OF R.C. 2941.401."

{¶ 8}   In his sole assignment of error, Banks argues the trial court improperly denied his motion to dismiss the charges against him because the state failed to comply with R.C. 2941.401. We disagree.

{¶ 9}   R.C. 2941.401 provides:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *.

* * *

The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.

* * *

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

{¶ 10} Banks argues this section required the state to discover his whereabouts and notify him of the pending charges. He relies upon *State v. Brown*, 131 Ohio App.3d 387, 722 N.E.2d 594 (4th Dist. 1998), which found "[a]lthough section 2941.401 does not explicitly require the state to give notice of an indictment to an accused who is incarcerated on a different charge, the statute would have no meaning if the state could circumvent its requirements by not sending notice of an indictment to the warden of the institution where the accused is imprisoned." *Brown*, 391 quoting *State v. Miller* (1996), 113 Ohio App.3d 606, 609, 681 N.E.2d 970, 972 (1996), and *State v. Floyd*, 8th Dist. Cuyahoga App. No. 39929, 1979WL210636 (Oct. 25, 1979).

{¶ 11} In 2004, however, the Supreme Court of Ohio, in *State v. Hairston*, 101 Ohio St. 3d 308, 2004-Ohio-969, 804 N.E.2d 471 found R.C. 2941.401 places no obligation on the state to locate an incarcerated defendant with pending charges who never caused the requisite notice of imprisonment and request for final disposition to be delivered to either the prosecuting attorney or the court. *Hairston* ¶ 26. Rather, the court specifically held " * * * R.C. 2941.401 places a duty on an incarcerated defendant to " 'cause[ ] to be delivered to the prosecuting attorney and the appropriate court * * * written notice of the place of his imprisonment and a request for a final disposition to be made of the matter[ ]' and that the duty to bring such a defendant to trial within 180 days of the written notice and request arises only after receipt of that statutory notice." *Id*. We apply this binding precedent to the instant matter.

{¶ 12} First, R.C. 2041.401 applies to an incarcerated defendant. There is no dispute here that Banks never attempted to invoke the process set forth in R.C. 2941.401 until after he had been released from a state institution. Additionally, in arguing the

indictment at issue should be dismissed, Banks attempted to blame the state for failing to find him. Pursuant to *Hairston* and R.C. 2941.401, however, the onus was upon Banks to begin the process. Because he failed to do so, his argument here fails.

{¶ 13} The sole assignment of error is overruled.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.

EEW/rw