JOURNAL ENTRY AND OPINION
{¶ 1} Appellant State of Ohio, Cleveland Metroparks, appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} On June 11, 2006, defendant-appellee John F. Signorelli ("Signorelli") was arrested and charged in the city of Euclid by the Cleveland Metroparks with violation of R.C. 2907.09(A)(3) and 2925.14, importuning and drug paraphernalia. On November 2, 2006, during the pendency of the Euclid case, Signorelli was sentenced as a result of separate convictions by Judge Larry Allen in Willoughby Municipal Court (Case Nos. 06 CRB 03080 and 06 CRB 03831) to sentences, inter alia, of 60, 90, and 180 days respectively, to run consecutively. He served these sentences in the Lake County Jail.
 {¶ 3} Meanwhile, Signorelli failed to appear before the Euclid Municipal Court on November 9, 2006 as a result of his incarceration. Appellant's attorney appeared on his behalf before the Euclid Municipal Court on that date and related his circumstances, whereupon a capias was issued.
 {¶ 4} On June 22, 2006, Signorelli appeared without counsel in Euclid Municipal Court and entered a plea of not guilty. On July 6, 2006, Signorelli's attorney, Terrence Carl, entered an appearance on behalf of Signorelli, appeared with Signorelli in court, and requested a continuance of the pretrial until August 3, 2006. On August 31, 2006, defense counsel appeared and indicated to the court that he was going to file a motion to reduce the *Page 4 
charge. The court gave Signorelli until October 6, 2006 to file the motion and the prosecutor was given to October 20, 2006 to respond.
 {¶ 5} On October 23, 2006, the court overruled the defense motion to reduce the charge and set the matter for a final pretrial on November 9, 2006. On November 9, 2006, Carl appeared in Euclid Municipal Court and indicated that his client was incarcerated. The Euclid Municipal Court did not know where Signorelli was incarcerated, so capias was issued on that date.
 {¶ 6} On May 7, 2007, counsel for the defendant and the Metroparks prosecutor appeared before the Euclid Municipal Court for an oral hearing on Signorelli's motion to dismiss, filed on March 26, 2007. In that motion Signorelli argued that statutory and constitutional speedy trial provisions mandated dismissal. The Euclid Municipal Court ordered counsel to prepare additional briefs on the issue of who bears the burden of transporting defendant for trial. On June 4, 2007, Signorelli filed a "Supplement to Defendant's Motion to Dismiss" which the lower court granted on June 19, 2007 and from which the state has appealed.
 II. {¶ 7} Appellant's first assignment of error provides the following: "The trial court committed reversible error in granting the defendant's motion to dismiss based on O.R.C. 2945.72(A)." *Page 5 
 {¶ 8} Appellant's second assignment of error provides the following: "The trial court committed reversible error in granting the defendant's motion to dismiss when it discounted the application of O.R.C. 2941.401."
 III. {¶ 9} Appellant argues that the court erred in granting defendant's motion to dismiss based on R.C. 2945.72(A). Additionally, appellant argues that the court further erred when it discounted the application of R.C. 2941.401. Due to the substantial interrelation between appellant's arguments, we shall address them together below.
 {¶ 10} R.C. 2945.72. Extension of time for hearing or trial, provides the following:
 "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;" (Emphasis added.) R.C. 2941.401, in pertinent part, provides the following:
 "When a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he caused to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending written notice of his imprisonment and a request for a final disposition to be made on the matter * * *."
 {¶ 11} In addition, the statute places a responsibility upon the institution as follows: *Page 6 
 "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to request a final disposition of those charges." Id.
 {¶ 12} It is well established that the Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state. Once a criminal defendant shows that he was not brought to trial within the permissible period, the accused presents a prima facie case for release. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute. Furthermore, defendant's rights to a speedy trial may be waived provided that such waiver is either expressed in writing or made in open court on the record. Brook Park v. Clingman, Cuyahoga App. No. 88839,2007-Ohio-4835.
 {¶ 13} The Ohio Supreme Court has held that, pursuant to R.C. 2941.401, the initial duty is placed on the defendant to notify the prosecutor and the court of his place of incarceration and to request final disposition of outstanding charges. State v. Hairston,101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471. "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." Id. at 311.
 {¶ 14} "An inmate's `notification of availability and request for final disposition' can take several forms, depending on the circumstances of the inmate. Inmates are sometimes in halfway houses or municipal jail facilities where a warden or superintendent may or may not *Page 7 
be present as contemplated in R.C. 2941.401. At times, inmates take it upon themselves to notify the court and prosecutor directly, outside the prescribed method in R.C. 2941.401. See State v. Drowell (1991),61 Ohio Misc.2d 623, 581 N.E.2d 1183. Even where the prescribed method is used, variations in notification still occur. See State v. Fox (Oct. 22, 1992), Cuyahoga App. No. 63100, 1992 Ohio App. LEXIS 5358 and State v.Fox (Dec. 17, 1998), Cuyahoga App. No. 74641, 1998 Ohio App. LEXIS 6071." State v. Gill, Cuyahoga App. No. 82742, 2004-Ohio-1245, at p. 10 (footnotes omitted).
 {¶ 15} For appellee to have strictly followed the R.C. 2941.401
requirements, he should have given his written notice to the prison authorities, who should have forwarded it to the prosecutor and court along with a certificate of inmate status. However, it is clear that, although appellee did not strictly follow that path, the required information arrived at the court in the form of Signorelli's March 21, 2006 pro se motion.
 {¶ 16} "While in general, the one hundred eighty day time requirement of R.C. 2941.401 does not begin to run until an inmate demands a speedy resolution of a pending charge, this is premised on the prosecutor exercising reasonable diligence in properly notifying the inmate concerning the indictment. The state cannot avoid the application of R.C. 2941.401 by neglecting to inform the custodial warden or superintendent of the source and content of an untried indictment. [State v. Carter (June 30, 1981), Franklin App. No. 80AP-434.] Equally, the state cannot rely upon the prisoner's failure to make demand for speedy disposition, but must count the time as having commenced upon the first triggering of the state's duty to give notice of the right to make demand for speedy disposition. [State v. *Page 8 Fitch (1987), 37 Ohio App.3d 159, 162.] If a prosecutor has not exercised reasonable
diligence in notifying an inmate of pending charges, the proper remedy is a motion to dismiss for denial of a speedy trial. Id." State v.Rollins (Nov. 17, 1992), 10th Dist. No. 92 AP-273.
 {¶ 17} The state cites and relies upon the Ohio Supreme Court's decision in State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, in urging us to reverse the trial court's order granting appellee's motion to dismiss. However, we find Hairston to be distinguishable from the case at bar. Unlike in Hairston, there is evidence in this case that the state and the trial court had previous knowledge of the fact Signorelli was incarcerated.
 {¶ 18} Indeed, the trial court stated in its June 27, 2007 journal entry:
 "It is uncontroverted that the defendant's attorney orally notified the court and the prosecution on the record on November 9th that the defendant was incarcerated at the Lake County Jail. The prosecution is a bit disingenuous in his supplemental brief when he argues that he was never notified by the defendant as to his whereabouts." (Emphasis added.)
 {¶ 19} In addition to the statement in the journal entry above, the record reflects that Signorelli filed a pro se motion on March 21, 2007. Although his motion was overruled, the motion did inform the trial court that Signorelli was in jail and had a speedy trial issue. The trial judge mentioned Signorelli's pro se motion on the record at the May 7, 2007 hearing when speaking with defense counsel.
 "Just so you know, and I don't know if you know this, Mr. Carl, your client in March — — on March 21st of 2007 filed a — — I don't know what you call it. I get these all the time from people who are incarcerated. It is styled a Notice of Availability pursuant to Revised Code section 2941.401 that was filed in this clerk's office on March 21st of 2007." (Emphasis added.) *Page 9 
 {¶ 20} Appellant's notification was filed by the Euclid Municipal Clerk of Court on March 21, 2007, and is time-stamped at 2:20 p.m. The motion is styled as a notice of availability and states the following:
 "IN THE COURT OF Euclid Municipal Court, 555 E. 222nd St., Euclid, OH 44123
 CASE # 06-CRB 595
 Lake Cuyahoga [both handwritten, Lake scratched out] CUYAHOGA [scratched out] COUNTY, OHIO
 Ss: NOTICE OF AVAILABILITY"
 To all prosecuting attorneys and their respective assigns. You are hereby notified that John Signorelli (Date of Birth: [XX-XX-XX] Social Security No. [XXX-XX-XXXX]) is currently incarcerated at the Cuyahoga County Jail, and is available for final adjudication of all indictments, informations and/or complaints which are or may be pending against him/her in your respective jurisdiction(s). This NOTICE OF AVAILABILITY is given to your office(s) pursuant to Ohio Revised Code, Section 2941.401. Certification of custody is available upon request.
 Executed on 3-19-07, [signature] John Signorelli, Defendant, Pro Se, Address:
 Lake County Jail, 104 E. Erie St. Painesville, OH 44077." (Emphasis added.)
 {¶ 21} Although, the body of the pre-printed form already listed Cuyahoga County as the location, Signorelli did write in the correct court at the top of the motion and he also filled in the correct jail and address at the bottom of the form, thereby providing additional evidence to the court in this filed and time-stamped motion that he was in jail.
 {¶ 22} We find substantial evidence to support the lower court's ruling. First, it is uncontroverted that Signorelli's attorney orally notified the court and the prosecution on the *Page 10 
record on November 9th that the defendant was incarcerated at the Lake County Jail. Second, the defendant filed a time-stamped R.C. 2941.401 notice of availability motion with the Euclid Municipal Court, Clerk of Court, informing the court that he was currently in the Lake County Jail.[1] Third, there were numerous hearings prior to the May 7, 2007 hearing in which all parties were aware of Signorelli's current situation. Although the time period prior to November 9, 2006 is not calculated with speedy trial time, it does demonstrate knowledge of the defendant's situation between the parties and the court.
 {¶ 23} In addition to the evidence above, we find that the prosecution failed to exercise reasonable diligence to secure Signorelli's availability. Upon the oral notification by Signorelli's attorney of his location, the prosecution had a duty to exercise reasonable diligence to secure defendant's availability.
 {¶ 24} Appellant was aware beginning November 9, 2007 that Signorelli was incarcerated as a result of the Willoughby matters. No effort to request the Euclid Municipal Court for a transport order was made at that time or at any time thereafter. Reasonable diligence to secure the availability of the accused was lacking and the provisions of R.C. 2945.72 were not tolled.
 {¶ 25} The prosecution did nothing to confirm the information provided by Signorelli's attorney. In fact, the prosecution waited until the oral hearing on the motion to *Page 11 
dismiss on May 7, 2007 to even respond to it. Accordingly, the 137 days from the issuance of the capias warrant and the filing of the motion to dismiss must be charged to the prosecution. Accordingly, more than 90 days elapsed, and the trial court's granting of Signorelli's motion to dismiss was proper.
 {¶ 26} We find the lower court's actions to be proper. There is nothing in the record to demonstrate an abuse of discretion on the part of the lower court.
 {¶ 27} Accordingly, appellant's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., CONCURS;
CHRISTINE T. McMONAGLE, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION
[1] The notice of availability motion is not being referenced for its validity; it is simply being referenced to show that the pro se defendant did his best to inform the court and the state of his situation. Although the motion was ultimately denied, it was filed and did appear on the docket.