[Cite as *State v. Miller*, 2012-Ohio-1823.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | Case No. 11CA26 |
| v. | : | |
| | : | DECISION AND |
| Eric J. Miller, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellee. | : | Filed:  April 20, 2012 |

_____

APPEARANCES:

Keller J. Blackburn, Athens County Prosecuting Attorney, Sabrina J. Ennis and Merry M. Stacks, Athens County Assistant Prosecuting Attorneys, Athens, Ohio, for Appellant.

Timothy Young, Ohio Public Defender, and Stephen A. Goldmeier, Ohio Assistant Public Defender, Columbus, Ohio, for Appellee.

_____

Kline, J.:

{¶ 1}   The State of Ohio appeals the judgment of the Athens County Court of Common Pleas, which dismissed an indictment against Eric Miller.  The state contends that the trial court erroneously determined that the state failed to bring Miller to trial during the time period required by R.C. 2941.401.  We conclude (1) that the 180-day time period provided by R.C. 2941.401 applies in this case and (2) that the state failed to bring Miller to trial during that time period.  Therefore, the trial court correctly dismissed the indictment against Miller.  Accordingly, we affirm the judgment of the trial court.

I.

**{¶ 2}** In October 2009, the state filed a complaint against Miller in Athens County Municipal Court. The complaint charged Miller with kidnapping and aggravated burglary. Miller did not appear for the municipal court complaint. On July 13, 2010, the Franklin County Court of Common Pleas sentenced Miller to a prison term on an unrelated charge.

**{¶ 3}** On July 26, 2010, while still incarcerated on the Franklin County charge, Miller served a request for disposition of the municipal court complaint on the Athens County Prosecuting Attorney pursuant to R.C. 2941.401. In response, the state dismissed the Athens County municipal court complaint on August 9, 2010.

**{¶ 4}** Miller received judicial release for the Franklin County charge on May 26, 2011. Then, on June 27, 2011, an Athens County grand jury indicted Miller for burglary. The same facts supported the June 27, 2011 indictment and the October 2009 municipal court complaint. Miller moved to dismiss the indictment because the state failed to bring him to trial within the time period required by R.C. 2941.401. The trial court held a hearing on the issue, and, on September 20, 2011, the trial court granted Miller's motion to dismiss the indictment.

**{¶ 5}** The state appeals and asserts the following assignment of error: I. "The Trial Court committed plain error by finding that the 'speedy trial clock' does not stop when a criminal complaint is dismissed in municipal court and later re-indicted in the Court of Common Pleas."

II.

**{¶ 6}** In its sole assignment of error, the state argues that the trial court erred in dismissing the indictment against Miller.

**{¶ 7}** This case concerns the application of R.C. 2941.401. "When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination." *State v. Sufronko*, 105 Ohio App.3d 504, 506, 664 N.E.2d 596 (4th Dist.1995); *accord State v. Jenkins*, 4th Dist. 10CA3389, 2011-Ohio-6924, ¶ 9.[1] "If [R.C. 2941.401] is ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 13, citing *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus. And significantly, the Supreme Court of Ohio has held that "[R.C. 2941.401] is not ambiguous." *Hairston* at ¶ 20.

**{¶ 8}** R.C. 2941.401 provides, in relevant part, as follows:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in

---

[1] The state argues that the trial court committed "plain error." However, Miller and the state argued their respective positions on this issue before the trial court. As a result, we need not analyze this issue under the plain-error standard.

open court, with the prisoner or his counsel present, the

court may grant any necessary or reasonable continuance. *

* * If the action is not brought to trial within the time provided,

subject to continuance allowed pursuant to this section, no

court any longer has jurisdiction thereof, the indictment,

information, or complaint is void, and the court shall enter an

order dismissing the action with prejudice.

**{¶ 9}** "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." *Hairston* at ¶ 25.

**{¶ 10}** As stated above, Miller served his request for disposition on the state on July 26, 2010. Thus, under R.C. 2941.401, the state had to bring Miller to trial within 180 days. Instead, the state dismissed the complaint against Miller without prejudice. An Athens County grand jury later indicted Miller for burglary on June 27, 2011. The indictment was based on the same facts as the Athens County municipal court complaint. Additionally, the June 27, 2011 indictment was more than 180 days after Miller served his request for disposition. Moreover, the trial court did not grant any necessary or reasonable continuance based on a showing of good cause pursuant to R.C. 2941.401. Thus, after applying the plain language of the statute, we conclude that the state failed to bring Miller to trial within the time period provided by R.C. 2941.401.

**{¶ 11}** The state argues that, once it dismissed the municipal court complaint against Miller, there were no charges pending. As a result, the state contends that the

general statute of limitations governing Miller's alleged crime applied, not the 180-day time period under R.C. 2941.401. The state argues that "a complaint is no longer pending once it has been dismissed in Municipal Court and prior to an Indictment being filed." Appellant's Merit Brief at 3, relying on *State v. Bonarrigo*, 62 Ohio St.2d 7, 402 N.E.2d 530 (1980), and *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532.

{¶ 12} The state's argument lacks merit. Initially, we note that the state relies upon cases analyzing R.C. 2945.71 (i.e., the "speedy-trial statute"), not R.C. 2941.401. The state, however, has provided no reason why we should deviate from applying the plain language R.C. 2941.401. Consequently, we need not analyze the cases cited by the state.

{¶ 13} Nevertheless, even if we were to apply the cases the state relies upon, those cases do not support the state's argument in this case. Indeed, in *Bonarrigo*, the court held that "the speedy-trial statute [R.C. 2945.71] was tolled after a misdemeanor charge was nolled until the felony indictment, based upon the same conduct, was issued." *Azbell* at ¶ 16 (summarizing the holding in *Bonarrigo*). However, the Supreme Court of Ohio premised this rule upon the defendant not being incarcerated during the time the speedy-trial statute is tolled. In fact, the *Bonarrigo* court noted as follows:

> "After the Government's dismissal of the complaint against
>
> him appellant * * * was no longer under any of the restraints
>
> associated with arrest and the pendency of criminal charges
>
> against him. He was free to come and go as he pleased.
>
> He was not subject to public obloquy, disruption of his

employment or more stress than any citizen who might be under investigation but not charged with a crime.  Unless and until a formal criminal charge was filed against him, neither he nor the public generally could have any legitimate interest in the prompt processing of a nonexistent case against him."  (Omission sic.)  *Bonarrigo* at 11, fn. 5, quoting *U.S. v. Hillegas*, 578 F.2d 453, 458 (2d Cir.1978).

Thus, in *Bonarrigo*, the court based its holding, in part, on the defendant being "free to come and go as he pleased" following the initial dismissal by the state.  *Id.*

{¶ 14} Additionally, the Supreme Court of Ohio has also held that, "[f]or purposes of computing how much time has run against the state under R.C. 2945.71 *et seq.*, the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted *unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I)*."  (Emphasis added.)  *State v. Broughton*, 62 Ohio St.3d 253, 581 N.E.2d 541 (1991), paragraph one of the syllabus.  Thus, *Broughton* makes clear that the speedy-trial clock under R.C. 2945.71 is not tolled between a dismissal without prejudice by the state and a later indictment when the defendant remains in jail.

{¶ 15} Furthermore, *Azbell* provides no support for the state's argument.  In *Azbell*, the court analyzed whether the speedy-trial clock under R.C. 2945.71 runs between (1) the time when a person is arrested and released with no charges being filed and (2) the later filing of an indictment based upon the same incident.  *See Azbell*,

112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532, at ¶ 20-21.  The court held that

the speedy-trial clock did not begin to run until the filing of the indictment because the

defendant "was never subject to 'actual restraints imposed by arrest and holding to

answer a criminal charge.'"  *Id.* at ¶ 20, quoting *U.S. v. Marion*, 404 U.S. 307, 320, 92

S.Ct. 455, 30 L.Ed.2d 468 (1971).  Moreover, "[the defendant's] liberty was not in

jeopardy," which is "one of the overriding concerns of speedy-trial violations."  *Azbell* at

¶ 20, citing *United States v. Loud Hawk*, 474 U.S. 302, 310-312, 106 S.Ct. 648, 88

L.Ed.2d 640 (1986).

{¶ 16} Here, after Miller served his request for disposition, he remained in prison

for the entire 180-day period provided by R.C. 2941.401.  As a result, the cases the

state relies upon do not support the argument that the 180-day time period under R.C.

2941.401 should be tolled following the state's dismissal of the municipal court

complaint.

{¶ 17} Additionally, the state argues that the time period following the dismissal

of the municipal court complaint should be tolled because the municipal court lacked

jurisdiction to reach a final resolution of the felony complaint against Miller.  The state

claims that, because Miller could not be tried on felony charges in a municipal court, the

speedy-trial clock should be tolled until the indictment was filed in the court of common

pleas.  The plain language of R.C. 2941.401, however, does not support such a result.

As indicated above, R.C. 2941.401 applies "when during the continuance of the term of

imprisonment there is pending in this state any untried indictment, information, or

complaint against the prisoner[.]"  There is nothing in the statute that requires an

"untried indictment, information, or complaint" to be pending in the court that will

ultimately decide the matter. Thus, even though the state could not bring Miller to trial on felony charges in the Athens County Municipal Court, the 180-day time period under R.C. 2941.401 was not tolled for the time period between the dismissal of the municipal court complaint and the filing of the indictment.

{¶ 18} Finally, the state asserts that, "[s]hould this Court find that the speedy trial clock did not stop when the case was dismissed, this would open the floodgates to all law enforcement agencies having to indict charges on a defendant within that time frame if they are under investigation." Appellant's Reply Brief at 3. We note that it is not our province to disregard the plain language of R.C. 2941.401 in an attempt to avoid the result suggested by the state. The state's "floodgates" argument is more properly directed to the General Assembly.

{¶ 19} For the foregoing reasons, the state's arguments that the 180-day period under R.C. 2941.401 ceased to run following the state's dismissal of the municipal court complaint lack merit. As a result, after Miller served his request for disposition on the state on July 26, 2010, the state had 180 days to bring Miller to trial under R.C. 2941.401. The state failed, however, to bring Miller to trial within the 180-day time period. Consequently, the trial court correctly dismissed the indictment against Miller.

{¶ 20} Therefore, we overrule the state's sole assignment of error, and we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and Harsha, J.:  Concur in Judgment and Opinion.


For the Court


BY:_____
          Roger L. Kline, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**