[Cite as *State v. Williams*, 2013-Ohio-950.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA12 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| KEVIN E. WILLIAMS, | : | |
| | : | **RELEASED 02/28/13** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Kathryn Hapner, Hillsboro, Ohio, for appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for appellee.
_____

Harsha, J.

{¶1}   Kevin Williams appeals the trial court's denial of his motion to dismiss the indictment and argues that he was not brought to trial within the statutorily required 180-day time limit.  We agree with the trial court that charges in this case were not pending at the time Williams filed his request for disposition and therefore under R.C. 2941.401 his motion to dismiss could not be granted on this basis.  However, along with his request for disposition, Williams also sent a notice of incarceration, which included his location at Madison Correctional Institution, to the prosecutor.  Therefore, we conclude that Williams met his initial duty to notify the prosecutor of his place of incarceration under R.C. 2941.401.  Because the state did not serve him with a copy of the indictment until nearly five months after it was filed, we construe this time against the state.  Accordingly, when Williams filed his motion to dismiss, the 180-day time limit had expired and the trial court erred by not dismissing the charges against him.

## I. FACTS

{¶2}    In May 2011, an officer stopped Kevin Williams for a minor traffic offense. Following a canine sniff of the vehicle's exterior, the Lynchburg Police Department seized Williams' vehicle and cash.  However, they did not charge Williams with any crime and released him.  Subsequently in June 2011, the Highland County Court of Common Pleas sentenced Williams to 11 months incarceration in an unrelated case.

{¶3}    On September 26, 2011, Williams sent an "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints" to the Hillsboro Municipal Court and the Highland County Prosecutor pursuant to R.C. 2941.401.   In this notice, Williams indicated that he was imprisoned at Madison Correctional Institution in London, Ohio and requested final disposition of his pending "indictment, information or complaint" for an unrelated theft offense.   As a result, his misdemeanor case was dismissed in municipal court.

{¶4}    On December 6, 2011, the grand jury returned an indictment against Williams for one count of aggravated possession of drugs and a forfeiture specification based on the traffic stop in May 2011.  Although the state attempted to serve Williams with a summons and copy of the indictment, both were returned unserved on December 22, 2011, with the notation "in prison."

{¶5}    Upon his release from prison on May 2, 2012, Highland County deputies served Williams with a warrant for his arrest and copy of the indictment.  He was arraigned the following day.  On June 19, 2012, Williams filed a motion to dismiss the indictment based on the state's failure to bring him to trial within the required 180-day time limit identified in R.C. 2941.401.  After hearing arguments, the court overruled his

motion finding that Williams did not file a request for a final disposition of his charges in this case; rather his request pertained only to his unrelated case for theft in the Hillsboro Municipal Court. Williams then pleaded no contest to the charges in the indictment and the trial court sentenced him to eight months incarceration. This appeal followed.

## II. ASSIGNMENT OF ERROR

**{¶6}** Williams raises one assignment of error for our review:

1. "THE TRIAL [SIC] ERRED IN OVERRULING DEFENDANT/APPELLANT'S MOTION TO DISMISS."

## III. LAW AND ANALYSIS

### A. Legal Standard

**{¶7}** This case involves the interpretation of a statute, which we review de novo, without deference to the trial court's determination. *In re Adoption of T.G.B.*, 4th Dist. Nos. 11CA919, 11CA920, 2011-Ohio-6772, ¶ 4. "'The primary goal of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute. * * * The court must first look to the plain language of the statute itself to determine the legislative intent.'" *Id.*, quoting *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. If the meaning of a statute is unambiguous and definite, we must apply it as written and without further interpretation. *Mathews v. Waverly*, 4th Dist. No. 08CA787, 2010-Ohio-347, ¶ 23. Only if a statute is unclear and ambiguous, may we interpret it to determine the legislature's intent. *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 16. And because the Supreme Court of Ohio has held that R.C. 2941.401 is not ambiguous, we need not interpret it; we must simply apply it. *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 13, 20; *State v. Miller*, 4th Dist. No. 11CA26, 2012-Ohio-1823, ¶ 7. "Furthermore,

when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state." *State v. Fisher*, 4th Dist. No. 11CA3292, 2012-Ohio-6144, ¶ 8.  *See also State v. Brown*, 131 Ohio App.3d 387, 391, 722 N.E.2d 594 (4th Dist.1998)*.*

### B. Pending Charges

**{¶8}**    Williams argues that the trial court erred by denying his motion to dismiss the indictment because at the time he made his request, charges were pending against him based on the May 2011 traffic stop. Therefore, he claims that R.C. 2941.401 is applicable to his case.  And because the prosecution did not bring him to trial within the statutory 180-day time period, he argues the trial court should have dismissed the indictment.

**{¶9}**    R.C. 2941.401 governs the time within which the state must bring an incarcerated defendant to trial and provides:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * * .

> * * *

> If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

**{¶10}** Looking at the plain language of the statute, it is clear that R.C. 2941.401 only applies to untried indictments, information, or complaints that are pending against

the prisoner when he files his request for disposition.  It is equally as clear that no charges based on the May 2011 traffic stop were pending at the time Williams filed his request.  In fact, the state did not obtain the indictment against Williams until over two months after he filed his request.

{¶11}  Moreover, Williams concedes in his brief that he did not list a case for the Highland County Common Pleas Court in his request for disposition because he "could not list a case number for a case which had not yet been formally charged or indicted." He acknowledges that the case was still under investigation and the Highland County Prosecutor "decided not to formally pursue charges against [him] for nearly a month and a half" after receiving his request.  Furthermore the record shows that during arguments on the motion to dismiss, defense counsel agreed with the trial court that Williams did not file his request with the Highland County Court of Common Pleas because "there was nothing pending" at the time.

{¶12}  Williams cites our recent decision in *State v. Miller*, 4th Dist. No. 11CA26, 2012-Ohio-1823, and argues that because the case was under investigation when he served the Highland County Prosecutor with his notice of incarceration and request for disposition, the state had a duty to comply with the 180-day time limit in R.C. 2941.401. However, *Miller* is distinguishable from the facts of this case.  In *Miller*, an incarcerated defendant filed a request for disposition of his pending complaint in Athens County Municipal Court. *Id.* at ¶ 3.  In response the state dismissed the municipal court complaint. *Id.*  Subsequently after his release from prison, the state indicted the defendant for burglary, based on the same facts that supported the municipal court complaint. *Id.* at ¶ 4.  We held that the trial court correctly dismissed the burglary

indictment because it was based on the same facts as the Athens County Municipal Court complaint and it was filed more than 180 days after the defendant served his request for disposition. *Id.* at ¶ 10. Therefore, based on the plain language of R.C. 2941.401, dismissal was appropriate. *Id.* at ¶ 19.

{¶13} Here, the request for disposition filed by Williams concerned only his municipal court case. And unlike the defendant's situation in *Miller*, he concedes that the indictment in this case was unrelated to his municipal court case and based on different facts. Accordingly, our decision in *Miller* is not applicable. We agree with the trial court that Williams did not have charges pending against him in this case when he filed his request and his motion to dismiss could not be granted on this basis. Nevertheless, for the reasons that follow we find that the trial court erred by failing to dismiss the indictment.

### C. Williams' Notification of the Indictment

{¶14} Williams also argues that he served the Highland County Prosecutor with his notice of incarceration and request for disposition so that the state would have actual notice of his intent to request disposition of any future charges filed against him as a result of the May 2011 traffic stop. More importantly, he claims his request provided the state with notice of his incarceration and location. Because he notified the state of his location, he contends that when he was subsequently indicted the state had a duty to timely serve him with a copy of the indictment. And because it failed to do so, he had no reason to file a subsequent request for disposition once charges were pending, as the trial court decided was necessary. Consequently, he argues that R.C. 2941.401 should apply and the trial court erred by denying his motion to dismiss.

**{¶15}** The state counters that the Supreme Court of Ohio held in *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, that R.C. 2941.401 does not place a duty of reasonable diligence on the state to discover the whereabouts of an incarcerated defendant. Therefore, under R.C. 2941.401 the duty is on the defendant to request disposition once charges are pending, and because Williams failed to do so, the trial court properly denied his motion to dismiss.

**{¶16}** In *Hairston*, the defendant was originally charged by information, but the charges were dismissed in anticipation of a possible indictment. *Hairston* at ¶ 6. Subsequently, the grand jury returned an indictment against the defendant and his parole was revoked. *Id.* at ¶ 6-7. While he was in the county jail, the summons sent to his home came back unserved. *Id.* at ¶ 7. Thereafter, he was returned to the custody of the Ohio Department of Rehabilitation and Corrections. *Id.* When he did not appear for his arraignment, the trial court issued a capias for his arrest. *Id.* Nearly eight months later and while still incarcerated, he received a detainer notifying him of the indictment filed against him. *Id.* at ¶ 8. The defendant then filed a motion to dismiss and argued that under R.C. 2941.401 the state had a duty to exercise reasonable diligence to discover his whereabouts and failed to do so. *Id.*

**{¶17}** The Court held that R.C. 2941.401 does not place a duty upon the state to exercise reasonable diligence to discover the location of an imprisoned defendant against whom charges are pending. *Id.* at ¶ 20. Rather, the court found that the statute actually "places the initial duty on the defendant to cause written notice to be delivered to the prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition; the statute imposes no duty on the state

until such time as the incarcerated defendant provides the statutory notice." *Id.* Applying the statute, the Court found that the defendant "never caused the requisite notice of imprisonment and request for final disposition to be delivered to either the prosecuting attorney or the court; therefore, he never triggered the process to cause him to be brought to trial within 180 days of his notice and request." *Id.* at ¶ 21.

{¶18} The Court concluded that "[i]n its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term. It does not, however, allow a defendant to avoid prosecution simply because the state failed to locate him." *Id.* at ¶ 25. And because the defendant knew of his arrest, knew he had been apprehended at the scene, knew that the police had seized cash found on his person, and knew that the prosecutor had charged him by information, but waited nearly eight months to seek enforcement of R.C. 2941.401, the court held that he could not avail himself of the 180-day time limit in the statute. *Id.*

{¶19} Although the state urges us to find *Hairston* controlling here, the facts of our case are distinguishable. "'While in general, the one hundred eighty day time requirement of R.C. 2941.401 does not begin to run until an inmate demands a speedy resolution of a pending charge, this is premised on the prosecutor exercising reasonable diligence in properly notifying the inmate concerning the indictment. The state cannot avoid the application of R.C. 2941.401 by neglecting to inform the custodial warden or superintendent of the source and content of an untried indictment. * * * The state cannot rely upon the prisoner's failure to make demand for speedy disposition, but

must count the time as having commenced upon the first triggering of the state's duty to give notice of the right to make demand for speedy disposition. * * * If a prosecutor has not exercised reasonable diligence in notifying an inmate of pending charges, the proper remedy is a motion to dismiss for denial of a speedy trial.'" *Cleveland Metroparks v. Signorelli*, 8th Dist. No. 90157, 2008-Ohio-3675, ¶ 16, quoting *State v. Rollins*, 10th Dist. No. 92 AP-273, 1992 WL 344925, *5-6 (Nov. 17, 1992).

{¶20} Unlike the defendant in *Hairston*, Williams sent a notice of incarceration and request for disposition to the prosecutor in this case pursuant to R.C. 2941.401. During arguments on the motion, the state acknowledged that it received the notice on September 29, 2011. Thus unlike *Hairston*, here the state knew where Williams was incarcerated and did not need to exercise "reasonable diligence" to locate him. And despite this knowledge, the record shows that on December 22, 2011, the copy of the indictment and summons issued for Williams were returned unserved with the notation "in prison." Moreover, in *Hairston* the Court noted that despite having been arrested, having money seized from his person as evidence, and having been charged once by complaint, the defendant never filed a notice of incarceration and waited nearly eight months to enforce R.C. 2941.401. Here, having knowledge that his vehicle and cash had been confiscated by the Lynchburg Police Department and that he was under investigation, Williams filed his notice of incarceration with the Highland County Prosecutor. Accordingly, unlike the defendant in *Hairston*, it is difficult to see what more Williams could have done to ensure receipt of any future indictment and secure his rights under R.C. 2941.401. Therefore, applying the plain language of R.C. 2941.401

we find that by notifying the prosecutor of his place of incarceration, Williams met his initial duty under the statute.

{¶21}  Because we have determined that Williams met his initial duty under R.C. 2941.401 to notify the prosecutor of his place of incarceration, we "must count the time as having commenced upon the first triggering of the state's duty to give notice of the right to make demand for speedy disposition." *Cleveland Metroparks*, 8th Dist. No. 90157, 2008-Ohio-3675, at ¶ 16, quoting *Rollins*, 10th Dist. No. 92 AP-273, 1992 WL 344925, at *5-6 (Nov. 17, 1992).  *See also State v. Nero*, 4th Dist. No. 1392, 1990 WL 42269, *2 (Apr. 4, 1990).  Based on the fact that the prosecutor received Williams' demand on September 29, 2011, we conclude that the state's duty to give Williams notice of his right to make a demand for speedy disposition arose upon the filing of the indictment on December 6, 2011.  *See State v. Green*, 4th Dist. No. 97CA2308, 1998 WL 321579, *6 (June 10, 1998).  Because more than 180 days had passed when Williams filed his motion to dismiss on June 19, 2012, we agree that the trial court erred by failing to dismiss the indictment and sustain his assignment of error.

JUDGMENT REVERSED AND
CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Hoover, J.:  Concurs in Judgment and Opinion.
McFarland, P.J.:  Dissents.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**