[Cite as *State v. James*, 2014-Ohio-1702.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.   13CA3393 |
| vs. | : | |
| KEITH JAMES, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Chase B. Bunstine, 32 South Paint Street, Chillicothe, Ohio
45601

COUNSEL FOR APPELLEE:      Matthew S. Schmidt, Ross County Prosecuting Attorney, and
Jeffrey C. Marks, Ross County Assistant Prosecuting
Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

_____

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-11-14
ABELE, P.J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction

and sentence.   The court found Keith James, defendant below and appellee herein, guilty of

complicity to illegal conveyance of prohibited items onto grounds of a specified governmental

facility in violation of R.C. 2923.03.

{¶ 2} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"APPELLANT'S SPEEDY TRIAL RIGHTS UNDER R.C. 2941.401 WERE VIOLATED DUE TO THE WARDEN FAILING TO PROMPTLY FORWARD APPELLANT'S REQUEST FOR FINAL DISPOSITION TO THE PROSECUTING ATTORNEY AND COURT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S PRO SE NOVEMBER 19, 2012 MOTION TO DISMISS FOR A FAILURE TO OBSERVE DEFENDANT'S RIGHTS UNDER R.C. 2941.401."

THIRD ASSIGNMENT OF ERROR:

"THE APPELLANT WAS SUBJECTED TO INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE TRIAL ATTORNEY'S FAILURE TO FILE A MOTION TO DISMISS AFTER CONSIDERING APPELLANT'S PRO SE MOTION AND ACCOMPANYING DOCUMENTS."

{¶ 3} On March 23, 2012, a Ross County Grand Jury returned an indictment that charged appellant with complicity to illegal conveyance of prohibited items onto grounds of a specified governmental facility. Appellant pled not guilty.

{¶ 4} The trial court scheduled the trial for September 18, 2012. On August 21, 2012, the state filed a motion to continue the trial date due to the unavailability of a witness and noted that appellant's counsel did not oppose the continuance. On August 28, 2012, the court granted the state's motion to continue and scheduled the trial for November 6, 2012. The court further stated that "the speedy trial provisions * * * are tolled pursuant to [R.C.] 2945.72(H)."

{¶ 5} On October 31, 2012, appellant filed a motion to continue the trial date and noted that the state did not object. The court continued the trial to February 26, 2013 and stated that "[t]ime is tolled during said continuance."

{¶ 6} On November 19, 2012, appellant filed a pro se motion to dismiss, even though counsel represented him. Appellant asserted that the state failed to bring him to trial within the

R.C. 2941.401 one hundred eighty day time period.   Appellant attached a letter bearing a "Bureau of Records Management" time stamp dated October 19, 2012 and addressed to "Mr. Moore."   The letter stated:

> "On or about 9/18/2012 I requested [a] certificate from the warden pertaining to detainer on pending charge from Ross County.   It nearly [sic] 30 days and I have not received certificate of custody from you, per 2941.401.   This certificate is required to implement speedy trial of the pending charge and need to cause to be delivered to prosecuting attorney in Ross County [sic].
> Please forward certificate of custody as soon as possible to enable me to have final disposition in this case * * *."

{¶ 7} Appellant also attached an October 10, 2012 letter that the Ohio Department of Rehabilitation and Correction sent to the Ross County Sheriff's Department.   This letter stated: "The Record Office has received information from the above inmate at Lebanon Correctional Institution that he may have pending/open charges with your department.   Please advise if you wish for us to place a notify/detainer on this subject."   The Sheriff's Department responded: "There is no record at this time of any pending charges against [appellant]."

{¶ 8} On February 19, 2013, the state filed a motion to continue the trial date due to the unavailability of a witness and noted that appellant's counsel did not oppose.   The court again continued the trial to May 8, 2013 and tolled the speedy trial clock.

{¶ 9} On May 6, 2013, the court held a change of plea hearing.   Before the hearing began, however, appellant's counsel pointed out that appellant's pro se motion to dismiss remained pending.   The prosecutor asserted that appellant's motion lacked merit because "there's no indication with the clerk's office or with our office there was any 180 day demand for speedy trial that was filed by this defendant."   Appellant's counsel stated: "* * * This was a motion that was filed pro se, and I did not see any merit in the arguments that were in the motion[;] however my

client still believes there are."   The court observed that it could overrule the motion simply on the basis that appellant filed it pro se when counsel represented him.   Nevertheless, the court overruled the motion because "there has been no demand for 180 days for the trial."

{¶ 10} On May 7, 2013, appellant entered a no contest plea.   The trial court sentenced appellant to serve twelve months in prison.   This appeal followed.

I

{¶ 11} Appellant's first two assignments of error challenge the trial court's denial of his motion to dismiss.   Appellant contends that because the state failed to bring him to trial within the R.C. 2941.401 one hundred eighty day time period, the trial court lacked jurisdiction and was required to dismiss the indictment.

{¶ 12} Initially, we observe that appellant filed his motion to dismiss on a pro se basis, even though counsel represented him.   It is well-established that although a defendant has the right to counsel or the right to act pro se, a defendant does not have any right to "hybrid representation." State v. Martin, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus; State v. Thompson, 33 Ohio St.3d 1, 6–7, 514 N.E.2d 407 (1987).   The right to counsel and the right to act pro se "are independent of each other and may not be asserted simultaneously." Martin, paragraph one of the syllabus.

{¶ 13} Appellate courts have determined that when counsel represents a criminal defendant, a trial court may not entertain a defendant's pro se motion.   State v. Washington, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531), ¶11 ("Because [defendant] chose to proceed with legal representation, the court could not consider [defendant]'s motion to withdraw his plea, which his appointed counsel did not agree with."); State v. Pizzarro, 8th Dist. Cuyahoga

No. 94849, 2011–Ohio–611, ¶9 ("Had the trial court entertained defendant's pro se motion while defendant was simultaneously being represented by appointed counsel, this would have effectively constituted hybrid representation in violation of the established law."); State v. Smith, 4th Dist. Highland No. 09CA29, 2010-Ohio-4507, ¶100, quoting Thompson, 33 Ohio St.3d at 6-7 (concluding that trial court did not err by refusing to consider criminal defendant's pro se motions when counsel represented defendant, because criminal defendant "'has no corresponding right to act as co-counsel on his own behalf'"); State v. Davis, 10th Dist. Franklin No. 05AP–193, 2006–Ohio–193, ¶12 ("[W]here a defendant who is represented by counsel files pro se motions and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se, such motions are not proper and the trial court may strike them from the record."); State v. Greenleaf, 11th Dist. Portage No. 2005–P–0017, 2006–Ohio–4317, ¶70, quoting Thompson, 33 Ohio St.3d at 6-7 ("Once appellant accepts counsel's assistance and does not move the court to proceed pro se, he may not 'act as co-counsel on his own behalf.'").

{¶ 14} In the case sub judice, counsel represented appellant when he filed his pro se motion to dismiss. Before the change of plea hearing, appellant's counsel indicated that she did not believe that the motion had merit. Consequently, appellant's pro se motion was not properly before the trial court. "[E]ntertaining [appellant]'s pro se motion while [appellant] was simultaneously being represented by appointed counsel * * * would have effectively constituted hybrid representation in violation of the established law." Pizzarro at ¶9. For this reason alone, the trial court did not err by overruling appellant's pro se motion to dismiss.

{¶ 15} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first and second assignments of error.

II

{¶ 16} In his third assignment of error, appellant contends that trial counsel was ineffective for failing to file a motion to dismiss. Appellant asserts: "If trial counsel would have taken [the documents appellant attached to his pro se motion] in conjunction with the facts and Appellant's Pro Se Motion to Dismiss, trial counsel should have deduced Appellant's R.C. 2941.401 rights had been violated." We do not agree.

A

INEFFECTIVE ASSISTANCE OF COUNSEL

{¶ 17} Criminal defendants have a right to counsel, including a right to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); State v. Creech, 188 Ohio App.3d 513, 2010-Ohio-2553, 936 N.E.2d 79, ¶39 (4th Dist.). To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Powell, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶85.

{¶ 18} "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." State v. Conway, 109 Ohio St.3d 412, 2006–Ohio–2815, 848 N.E.2d 810, ¶95 (citations omitted); accord State v. Wesson, 137 Ohio St.3d 309, 2013-Ohio-4575, 999 N.E.2d 557, 81. "Failure to establish either element is fatal to the claim." State v. Jones, 4th Dist. Scioto No. 06CA3116, 2008–Ohio–968, ¶14. Therefore, if one element is

dispositive, a court need not analyze both. State v. Madrigal, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the elements "negates a court's need to consider the other").

{¶ 19} When considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. "A properly licensed attorney is presumed to execute his duties in an ethical and competent manner." State v. Taylor, 4th Dist. Washington No. 07CA11, 2008–Ohio–482, ¶10, citing State v. Smith, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. State v. Gondor, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶62; State v. Hamblin, 37 Ohio St.3d 153, 156, 524 N.E.2d 476 (1988).

{¶ 20} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that but for counsel's errors, the result of the trial would have been different. State v. Short, 129 Ohio St.3d 360, 2011–Ohio–3641, 952 N.E.2d 1121, ¶113; State v. White, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998); State v. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. Furthermore, courts may not simply assume the existence of prejudice, but must require the defendant to affirmatively establish prejudice. State v. Clark, 4th Dist. Pike No. 02CA684, 2003–Ohio–1707, ¶22; State v. Tucker, 4th Dist. Ross No. 01CA2592 (Apr. 2, 2002).

{¶ 21} To show that counsel provided ineffective assistance of counsel by failing to file a

motion to dismiss, a defendant must demonstrate that the motion would have been successful. Cleveland v. White, 8th Dist. Cuyahoga No. 99375, 2013-Ohio-5423, ¶7; State v. Cottrell, 4th Dist. Ross Nos. 11CA3241 and 11CA3242, 2012-Ohio-4583, ¶8. "Counsel cannot be [ineffective] for failing to file a fruitless motion." Id. at ¶8.

{¶ 22} In the case sub judice, we do not believe that appellant can demonstrate that a properly filed motion to dismiss would have been successful. Thus, he cannot show that trial counsel provided ineffective assistance of counsel.

B

MOTION TO DISMISS

{¶ 23} Appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. E.g., State v. Carr, 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, ¶12; State v. Brown, 131 Ohio App.3d 387, 391, 722 N.E.2d 594 (4th Dist., 1998). Thus, appellate courts will defer to a trial court's findings of fact as long as competent, credible evidence supports them. Brown, 131 Ohio App.3d at 391. Appellate courts then independently review whether the trial court properly applied the law to the facts. Id. "Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state." Id., citing Brecksville v. Cook (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709.

C

R.C. 2941.401

{¶ 24} R.C. 2941.401 governs the time within which the state must bring an incarcerated defendant to trial. State v. Williams, 4th Dist. Highland No. 12CA12, 2013-Ohio-950, ¶9; State v.

Hawes, 2nd Dist. Montgomery No. 24986, 2012-Ohio-5409, ¶9.   The statute provides:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance.   The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
> The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
> The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof. Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.
> If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

**{¶ 25}** "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term."   State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶25.   The statute thus "requires a warden or prison superintendent to notify a prisoner 'in writing of the source and contents of any untried indictment' and of his right 'to make a request for final disposition thereof.'"   State v. Dillon, 114

Ohio St.3d 154, 2007-Ohio-3617, 870 N.E.2d 1149, syllabus.

{¶ 26} In the case at bar, assuming, arguendo, that the warden or superintendent having custody over appellant failed to promptly inform appellant of the pending charge, or that the warden or superintendent failed to forward appellant's request for final disposition to the appropriate prosecuting attorney and court, appellant's right to have the matter resolved within one hundred eighty days was not violated.   Instead, the trial court continued the trial in accordance with R.C. 2941.401 and tolled the one hundred eighty day time period.

{¶ 27} "The tolling provisions of R.C. 2945.72 apply to the 180–day speedy trial time limit of R.C. 2941.401."   State v. Taylor, 7th Dist. Columbiana No. 08CO36, 2011-Ohio-1001, ¶15, citing State v. Skorvanek, 9th Dist. Lorain No. 08CA009400, 2010–Ohio–1079; State v. Shepherd, 11th Dist. Ashtabula No.2003–A–0028, 2006–Ohio–4315; State v. Ray, 2nd Dist. Greene No.2004–CA–64, 2005–Ohio–2771; State v. Nero, 4th Dist. Athens No. 1392 (Apr. 4, 1990).   In Nero, we discussed whether the tolling provisions contained in R.C. 2945.72 apply to R.C. 2941.401 and explained:

> "R.C. 2945.71 does not specifically state that the tolling provisions therein are applicable to R.C. 2941.401.   However, R.C. 2941.401 states, in pertinent part, 'except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance.'   The General Assembly, in enacting R.C. 2945.72, has legislated what are reasonable continuances.   We therefore conclude that the factors set forth in R.C. 2945.72 are applicable to R.C. 2941.401."

Id. at fn. 1; accord State v. Curry, 4th Dist. Scioto No. 95CA2339 (Sept. 30, 1997).

{¶ 28} R.C. 2945.72(H) provides that the time within which an accused must be brought to trial is extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

{¶ 29} In the case at bar, assuming, arguendo, that the one hundred eighty day time period began to run when appellant requested the warden for a certificate of custody, appellant did not suffer a violation of his speedy trial right under R.C. 2941.401. The one hundred eighty day time period began to run "after [appellant] cause[d] to be delivered" his written request for a final disposition. If we construe the letter appellant sent to "Mr. Moore," time-stamped October 19, 2012, as appellant's request, then one hundred eighty days would have expired on April 18, 2013. As such, appellant established a prima facie case for dismissal due to a R.C. 2941.401 speedy trial violation.

{¶ 30} The trial court, however, granted several continuances, none of which appellant's counsel opposed. The court specifically and explicitly tolled the running of appellant's speedy trial rights during the continuances. Thus, from the trial court's August 28, 2012 first continuance, time was tolled until the November 6, 2012 scheduled trial date. Then, when the court granted the next continuance on November 2, 2012, time was tolled until the February 26, 2013 scheduled trial date. The court granted another continuance on February 27, 2013 that tolled the time until the scheduled trial date of May 8, 2013. Consequently, between August 28, 2012 and May 8, 2013, speedy trial time was tolled. If appellant's October 19, 2012 letter was the event that triggered the one hundred eighty day time period, then as of the May 6, 2013 change of plea hearing, zero days had expired for speedy trial purposes. Appellant filed his motion to dismiss during the tolling period and the case ultimately was resolved during the tolling period. Appellant, therefore, did not suffer a violation of his right to be tried within the one hundred eighty day time period set forth in R.C. 2941.401. State v. Sellers, 10th Dist. Franklin No. 08AP-810, 2009-Ohio-2231, ¶11 (concluding that granting continuances did not violate defendant's speedy

trial right under R.C. 2941.401).

{¶ 31} Moreover, even if we were to start the one hundred eighty day period at the earliest possible moment (i.e., the date of appellant's indictment–March 23, 2012), appellant did not suffer a violation of his right to be tried within the R.C. 2941.401 one hundred eighty day time period. The trial court originally scheduled the trial for September 18, 2012, before one hundred eighty actual days elapsed. As we indicated above, the trial court granted three continuances that tolled the speedy trial time, at least between September 18, 2012 and May 8, 2013. Thus, between those two dates, zero speedy trial days elapsed. Consequently, when appellant entered his no contest plea on May 6, 2013, the one hundred eighty day speedy trial clock had yet to expire. Taking the three continuances that tolled the speedy trial time into account, appellant's May 6, 2013 final disposition fell within the one hundred eighty day time period set forth in R.C. 2941.401. Therefore, had trial counsel filed a motion to dismiss, it would not have been successful and counsel was not ineffective for failing to file a motion to dismiss.

{¶ 32} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's third assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.